ALBANY,
Jan. 1813.

WHITNEY
v.
FERRIS.

WHITNEY *against* E. FERRIS, IMPLEADED WITH OTHERS.

In an action brought against A., B. and C., as secret partners, it was held that the declarations and acts of A. though evidence to show that he considered himself a secret partner with B. and C. were not admissible directly to implicate or charge B. as a partner.

THIS was an action of *assumpsit*, for goods sold and delivered, brought by the plaintiff against *Elijah Ferris*, impleaded with *Jonathan Ferris* and *Amos Bostwick*. The goods in question were sold to *Bostwick*, residing in *Swanton*, in the state of *Vermont*, on his individual credit, and charged to him in the books of the plaintiff. He became insolvent, and the present suit was brought to charge the other two defendants, *J. Ferris*, who resided at *Swanton*, and *E. Ferris*, residing in the city of *New-York*, as secret partners of *Bostwick*. *E. Ferris* only was taken; the other two defendants being returned not found. The cause was tried at the *New-York* sittings, the 30th *June*, 1812, before the *Chief Justice*.

A large mass of evidence was given at the trial, and stated in the case; but, as it regards the opinion of the court, it is necessary only to mention the following facts:

The plaintiff offered to give evidence of the *declarations* and *acts* of *Jonathan Ferris*, to show that *Bostwick* was in partnership with *Jonathan* and *Elijah Ferris*; but the defendant's counsel objected to any evidence of the declarations or acts of *J. Ferris*, *implicating E. Ferris*, until the plaintiff had first proved the fact of a partnership between the three persons charged. The *Chief Justice* overruled the objection, and admitted the evidence.

The jury found a verdict for the plaintiff, and they assessed his damages unconditionally, at 3,915 dollars and 32 cents; and if the partnership of the defendant with the others existed in *November*, 1809, then they assessed further damages for the plaintiff, to 2,438 dollars and 45 cents; but whether such a partnership did exist at that time they were ignorant, and submitted the same to the court on the evidence in the case.

A motion was made to set aside the verdict, and for a new trial.

*Hoffman* and *Harison*, for the defendant.

*Griffen* and *T. A. Emmet*, for the plaintiff.

*Per Curiam.* The declarations and acts of *Jonathan Ferris*

are evidence to show that he considered himself a partner with Bostwick and *Elijah Ferris*, but they are not evidence directly to implicate or charge *Elijah* with being a partner. They were, therefore, admitted, in this case, in too broad a latitude, and we cannot say what influence they might have had with the jury in charging *Elijah* directly as a partner. We cannot certainly determine but that if those declarations had been understood and declared to operate only as an admission of *Jonathan Ferris* against himself, the jury might have formed a different verdict. As, therefore, the jury might have received and acted under an erroneous impression communicated by the judge, it is advisable that the case should be reconsidered.

New trial awarded, with costs to abide the event.