Mr Justice Washington
 

 . .delivered the opinion of the Court.
 

 This is an action of assumpsit founded on a bill of exchange drawn at Baltimore, in the state of Maryland, upon Stephen Dever át New Orleans, in favour of R. L. Colt, a citizen of Maryland,, who indorsed the same to the plaintiff, a citizen of New; York. The action was brought in the circuit court of the United States-for the district of Maryland ; and upon a case, agreed, stating the above facts, the judges of that court were divided in opinion, whether they' could, entertain jurisdiction, of the cause upon the ground insisted Upon by the defendants’ counsel, that the bill was to be. considered as inland. The difficulty which occasioned the adjournment of the cause to this Court, is produced by the llth'section of the judiciary act of 1789, which declares, that no district or circuit court shall have “ cognizance of
 
 *590
 
 any suit to recover the contents of any promissory note, or other chose in action in favour of an assignee, unless a suit might have been prosecuted in such court to recover the said contents, if no assignment had been made, except in cases
 
 offoreign
 
 bills of exchange.”
 

 The only question is, whether the bill on which the suit is founded, is to be considered a foreign bill of exchange.1?
 

 It is .to be regretted that so-little-aid in' determining this question is to be obtained from decided cases, either in England, or in the United States.
 

 Sir William Blaekstone, in his commentaries
 
 (a)
 
 , distinguishes foreigu from inland bills, by defining the former as bills drawn by a merchant residing abroad upen his correspondent in England, or vice versa; and the latter as those drawn by one person on another, when both drawer and drawee reside within the same kingdom. Chitty, p. 16, and the other writers
 
 (b)
 
 on bHls of exchange are to the same effect; and all of them agree, that until the statutes of 8 and 9
 
 W. IJ1.
 
 chi 17, and 3 and 4
 
 Anne,
 
 ch. 9, which placed these two kinds ,of bills- upon the same -footing, and subjected inland bills to the'same , law and custom of merchants which governed foreign bills; the latter were much more regarded in the eye-of the law than the former, as being thought of more public concern in-the advancement of trade and commerce.
 

 Applying this definition to the political character of the several states of this union in relation to each other, we are all clearly of opinion, that bills drawn in one of these states, upon persons living in any other of them, partake of the character of foreign bills, and ought so to be treated. For all national purposes embraced by the federal constitution, the states and the citizens, thereof are one, united under the same sovereign authority, and governed by the same laws. In all other respects, the states are necessarily foreign to, and independent of each other. Their constitutions and forms of government being, although republican, altogether different, as áre their laws and .institutions. This sentiment
 
 *591
 
 was expressed, with great force, by the president of the court of appeals of.Yirginia, in the case of Warder
 
 vs.
 
 Arrell, 2
 
 Wash. 298; where
 
 He states, that in cases of contracts, the laws, of a, foreign country, where the contract was made, must govern ^ and then adds as follows — “ The same, principle applies, though with no greater iorep, to the different states of America; for though they form a confederated government, yet the several states retain their individual'sove-reignties, and; with respect to their municipal' regulations; are to each other foreign.”
 

 This character of the laws of one state in relation to the others, is strongly exemplified in the particular. subject under consideration; whjch is governed, a» to the necessity of protest and rate of damages, by different rules in the different states. In none of these laws however,_so far as we can discover from Griffith’s Law Register, to which wé were referred by the counsel, except those of Virginia, are bills, drawn in one state upon another, designated, as inland ; although the damages.allowed upon protested bills of that description, are generally, and with great propriety, lower than upon bills . drawn upon a country foreign to the United States; since the disappointment and injury to the holder must always begreater in the latter, than, in the former case( It is for the same reason, no doubt, that, by the laws of most of the states, bills drawn in and.upon the same state, and.protested, are either exempt from damages, altogether, or-the rate is lower upon them,. than upon, bills drawn oh some other of . the states.
 

 The only case, which was cited at the bar, of which.has come to our knowledge, to show that a bill drawn in one state upon a person in any other of the states, is an inland, bill, is that of Miller
 
 vs.
 
 Hackley, 5
 
 Johns. Rep.
 
 375. Alluding to this case, in the third volume of his Commentaries, p. 63, in a note, Chancellor'Kent remarks very truly, that the opinion was not given on the point on which the decision, rested ;, and he adds, that it was rather the opinion of Mr Justice Van Ness than that of the court. It is not unlikely, besides, that that opinion was, in no small degree, influenced by what is said by Judge Tucker in a note to 2
 
 Black. Com.
 
 
 *592
 
 467; which was múch relied upo.n by one of the counsel in the .argument, where the author would appear to define an inland bill, as being one drawn by a person residing in one state on another within the United States. He is so understood by Chancellor Kent, in the passage .which' has been, referred to: but this is undoubtedly by a mistake, as the note manifestly refers-, to the laws of .Virginia'; and by an act of that state, passed on the 28th of December 1795, it is expressly declared,, that all bills of exchange drawn by any person residing in that state, bn a person in' the United States, shall be considered in all cases as inland bills. TJhe case of Miller
 
 vs,
 
 Hackley, therefore, can hardly be considered as an authority for the position which it was inttnded t'O. maintain. We think it cannot be so considered by the courts of New York, since the principle supposed to .be decided in that case, would seem to be. directly at variance with the uniform decisions of the same courts uporythe subject of judgments rendered in the'tribunals of the sster states.' In the case of Hitchcock
 
 vs.
 
 Aicken, 1 Caines, 460, all the judges seem to have treated those judgments
 
 as foreign
 
 in the- :Courts of New York; and the only point of difference between them grew out of the construction of the 1st section of the 4th article of ths constitution of the United States, and the act of congress of the' 26th of May 1790, ch. 38,' respecting, the effect of those judgments, and the credit to be given to them in the courts of the sister states.
 

 It would seem-from a nóte to the case of Bartlett
 
 vs.
 
 Knight, 4
 
 Mass. Rep.
 
 430, where a collection of state decisions on the same subject is given; that these judgment's had generally, if not universally, been-considered as foreign- by the courts of many of the states. . If this be so, it is difficult 'to understand upon what principle bills of exchange drawn in one-; state Upon another state can be considered as inland; unless in a. state where, they are declared to be such by a statute of that state.
 

 It has not been our good fortune to see ¡the case of Duncan
 
 vs.
 
 Course, 1
 
 South Carolina Constitutional Reports,
 
 100 ; but -the note above referred to in. 3
 
 Rent’s Com,
 
 informs us, that it decides that bills of this description are- to be consi
 
 *593
 
 dered in the ligKtof foreign bills; and the learned commentator concludes, upon the whole, and principally,upon the ground of the decision just quoted; that the-weight of American authority.is on that side;
 

 .. Thaf.it is .so, .in respect to the necessityof protesting bills of-that description;'was not'vety strenuously controverted . by the eóun?el;.for the defendant. But he insists, that under á-jüst ■construction of the 11th section of the judiciary act, ebnéeíning the jurisdiction of th,e federahcourts,'.these bills . ought to. be Considered and treated as inland. The argument is, that the mischief intended to he remedie&bytbe provisions in. the latter, part of that section', by the assign- . ment is,' .promissory notes and..either chosea in .action,' is the same in relatibn ito bills of exchange of the character under consideration...
 

 . We are of a different opinion. The policy which probably dictated this provision in the above1 section, was,to. prevent frauds upon. the jurisdiction of those courts by pretended assignments of bonds, notes, and bills, of. exchange strictly, inland; and as;these evidences of. debt generally concern the interna) negotiations of the inhabitants of the same state, and would, seldom find their way fairly into the . hands of .person^ residing in another state; the prohibition as.to them would'.impose, a very trifling restriction, if any, upon the commercial intercourse of. the different states with each other* Itis quite otherwise as to bills drawn in one state upon another.. They answer all the purposes of remittances, and of cornipercial. facilities, equally with bills drawn upon other, countries, or vice versa;. and jf a choice of jurisdictions be, important to the credit of bills of the latter class, which it undoubtedly is, it must be equálly.so tó that of the former.
 

 ,Nor does the...reason .for restraining the transfer of other. cKósés in action, apply to bills' of exchange of this description; wíiich, from their commercial character, might be expected to pass' fairly into, the hands of persons residing in the different states of the union.. We conclude upon the whofe, that in ño point of view ought jtheytp be considered other vise, than as foreign bills.
 

 
 *594
 
 This cause came, on to be heard, on the transcript of the record from the circuit court of the United States, for the district of Maryland, and on-the questions and points on-which the judges of the said circuit court were opposed in opinion, and which were certified to-this Court for its opinion, and was argued by counsel; on consideration whereof it is; the opinion of this Court that the bill of exchange on which this action is'brought, ought tobe considered, as a foreign bill within the meaning of the 11th sectioh of the judiciary act ,of the 24th of September 1787, and that the said circuit court has jurisdiction of this cause; whereupon it is con-sidérad, ordered and adjudged by this Gourt, that it be. certified to. the said circuit Court for the district of Maryland, that the bill'of exchange on which; this action 'is brought, ought to be considered .as a foreign bill, within the meaning of the llth.sectiori of- the judiciary act Of the 24th of September 1787: and that that court, has jurisdiction of the cause
 
 (a)
 
 .
 

 (a)
 

 Vol. II. 467.
 

 (b)
 

 Bayley, Syd.
 

 (a)
 

 .The opinión of Mr Justice Washington, in the case of Lonsdale
 
 vs.
 
 Brown, in which the,same point was rilled in the circuit' court of the United-States for the eastern district of Pennsylvania, will bej. found in the appendix,
 
 No.
 
 II..