## GRAFTON BANK vs. MOORE.

The acts and declarations of a defendant, sued as a partner, but on whom the writ has not been served, may be given in evidence to prove him to be a partner.

A bill of exchange, the parties to which reside in this state, but payable in Boston, is so far a foreign bill that the notarial protest in Boston is competent evidence here to prove its presentment and dishonor.

Semble that such a bill is to be considered as a foreign bill in all respects.

ASSUMPSIT, against Benjamin Ellis, Moses P. Little and the defendant, alleged to be partners under the name of Ellis, Little & Co., as acceptors of a bill of exchange drawn by Moses P. Little, payable to his order at the Market Bank, in Boston, three months after date, and indorsed to the plaintiffs. No service was made upon Ellis, nor upon Little. Moore pleaded that he did not make the promise alleged jointly with Ellis and Little. The bill was drawn at Littleton, in this State, and accepted by Little, in the partnership name of Ellis, Little & Co.

The plaintiffs offered evidence tending to prove that the defendant was a partner in that firm. To prove that Benjamin Ellis was also a member of the firm, evidence was offered and admitted, of his declarations to that effect. This evidence was objected to, but it was admitted for the sole purpose of proving Ellis to be a partner.

The only evidence to prove that the bill was presented at the Market Bank, was a protest drawn up as in the case of a foreign bill; to which the defendant excepted, but the exception was overruled.

The jury returned a verdict for the plaintiffs, and the defendant moved for a new trial.

Wilcox, for the plaintiffs. This is a foreign bill of exchange. Bank of the U. S. vs. Daniel, 12 Peters 32. There the bill was drawn and accepted in Kentucky, the drawer

Grafton Bank *v.* Moore.

and acceptor being residents of Kentucky. It was payable at a bank in New-Orleans, and it was held to be a foreign bill. The same point was also decided in *The Freeman's Bank* vs. *Perkins*, 6 *Shepley* 292. The protest, therefore, is sufficient evidence of the presentment.

But a presentment at the place is not necessary, to charge the acceptors. If the defendants were ready at the time and place, that is matter of defence to be shown by them. 13 *Peters* 144, *Wallace* vs. *McConnell;* 11 *Wheat.* 172 ; 2 *Brod. & B.* 165 ; 5 *Leigh* 522 ; 8 *Cowen* 271 ; 8 *Mass.* 480 ; 3 *N. H. Rep.* 333, *Eastman* vs. *Fifield; Story on Bills* 416.

Admissions by one partner are evidence to charge himself as a partner, though not to implicate others. *Whitney* vs. *Ferris,* 10 *Johns.* 66 ; which was a case like the present. A partnership may be established by the separate admissions of each of the defendants. 17 *S. & R.* 453, 457. Although the acts and declarations of one defendant, going to show a partnership, are not evidence against the others, yet they are evidence against himself, and successive proof of the acts and declarations of each to that effect may be equivalent to a joint declaration by all at once. 2 *Watts & Ser.* 415.

It is no answer to evidence, that it does not prove the plaintiffs' whole case. If it is a link in the chain of evidence to be given, it is admissible. Admissions by I. that he is a partner with R., are evidence ; and if it is also proved by admissions or acts of R. that he is also a partner, then the case is made out. *Johnston* vs. *Warden,* 3 *Watts* 101 ; *Coll. on P.* 453 ; *Clay* vs. *Langslow, M. & M.* 45 ; *Ellis* vs. *Jameson,* 17 *Maine* 235; *Greenl. Ev.* 214.

A party in interest cannot be compelled to testify, although not a party to the record. *Greenl. Ev.* 379, 380 ; 7 *Cowen* 174 ; 3 *Cowen's Ph.* 1548 ; 2 *Ibid* 141, n. 72. The admissions of such a party are evidence. 2 *St. Ev.* 41. As we charge Ellis as a partner, we could not compel him to testify. In some actions *ex contractu,* one of several defendants

returned not found, is a party to the record, and therefore incompetent. 2 *Cowen's Ph.* 135, 144; 9 *Wend.* 286.

It was not necessary for us to prove the liability of Ellis. We had already shown the existence of the firm of Ellis, Little & Co., an acceptance by that firm, and also that the defendant Moore was a member of the firm; and whether Ellis was a member of it or not, was, since our statute of 1834, wholly immaterial. The court ruled otherwise, and upon that ruling we offered in evidence the admission of Ellis. That it was unnecessary to show the liability of Ellis, appears from the case of *Blake* vs. *Ladd,* 10 *N. H. Rep.* 190; and the practice is frequent where, in case process is served upon several, judgment goes against some of them by default, and as to others, issues are tried and found sometimes for the plaintiff and sometimes for the defendants, and several judgments are had. If we were required to prove an immaterial fact, the verdict should not be set aside, although the evidence were inadmissible. *Jewett* vs. *Stevens,* 6 *N. H. Rep.* 80. The verdict finds the liability of Moore as a member of the firm. Whether the others sued were liable or not, is immaterial, as there can be no judgment for or against them, and their liability is not necessary to the maintenance of the suit against Moore.

*Ainsworth,* and *H. A. Bellows,* for the defendant. The admissions of one partner do not prove that a partnership existed. That must first be shown *aliunde.* *Van Reimsdyk* vs. *Kane,* 1 *Gall.* 630; *Greenl. Ev.* 210. All the defendants being charged, all must be proved to be partners. *Harris* vs. *Wilson,* 7 *Wend.* 57; *Cowen's Phil. on Ev., n.* 175; 3 *Stark. Ev.* 1062; *Collyer on Part.* 453.

It is settled in *Eastman* vs. *Fifield,* 3 *N. H. Rep.* 333, that when a promissory note is payable at a particular time and place, a demand at the time and place is not necessary to maintain an action upon it. In *Rowe* vs. *Young,* 2 *Brod. & B.* 165, it was held that where a bill of exchange is pay-

able at a particular time and place, a demand at the time and place is necessary. *Grimshaw* vs. *Bender*, 6 *Mass.* 157; *Phœnix Bank* vs. *Hussey*, 12 *Pick.* 483; *Carter* vs. *Burley*, 9 *N. H. Rep.* 558.

GILCHRIST, J.   The case finds in substance that there was a partnership transacting business by the name of Ellis, Little & Co.   The first question presented is, whether Ellis can be proved to be a member of the partnership, by evidence of his admissions to that effect.   The action was brought against the three persons who are alleged to constitute the firm, but the writ was not served upon Ellis or upon Little.

The case of *Whitney* vs. *Ferris*, 10 *Johns.* 66, is similar to the present case.   Jonathan Ferris was impleaded with the defendant, as his partner, but no service was made upon him, nor was any service made upon Bostwick, the other alleged partner.   It was held that the declarations and acts of Jonathan Ferris were evidence against him, that he was a partner with Bostwick and the defendant.   In *Clay* vs. *Langslow*, *M. & M.* 45, which was assumpsit for work and labor, the defendant pleaded in abatement the nonjoinder of other parties.   To prove that one Verbeke was a joint contractor, the defendant offered evidence of his declarations made before action brought, that he was a holder of shares in the company of which the defendant was sued as a member.   *Abbott*, Ld. Ch. Justice, received it, saying that whatever, in an action against him as a proprietor, could be evidence to prove him one, might be received on the issue before the court to prove him one.   *Ellis* vs. *Jameson*, 5 *Shepley* 235, was an action of assumpsit on a note made by the defendant, and payable to Smith, Boody & Co. or order.   It was indorsed to the plaintiff by one Stevens; and the question was, whether Stevens were a member of that firm, and thus had authority to indorse the note.   To prove that he was a member of that firm, the plaintiff offered in evidence copies of several writs and judgments, wherein several persons, of whom Stevens

was one, were sued as members of the firm, and suffered judgment to be rendered against them by default. The evidence was received, upon the ground that it proved an admission by Stevens that he was a partner.

There seems to be no objection in principle to the admission of the declarations of Ellis that he was a member of the firm. They are against his interest, and if he choose to admit himself to be a partner, we see no objection to its being proved. The admissibility of such declarations as were received in *Clay* vs. *Langslow*, before cited, has been denied in two American cases, *Sweeting* vs. *Turner*, 10 *Johns.* 216, and in Connecticut in an early case, *Storrs* vs. *Wetmore, Kirby* 203. But *Clay* vs. *Langslow* is referred to as law by Professor Greenleaf. *Greenl. Ev.* § 181. And we see no objection to it. But whether it be law or not, we are of opinion that the declarations of Ellis were admissible, both upon principle and upon the authorities cited. And in addition to those authorities, the case of *Jennings* vs. *Estes*, 4 *Shepley* 323, is in point. It is there said by Mr. Justice *Shepley*, that when a partnership is to be proved by the acts and declarations of those who are alleged to be partners, it often becomes necessary to prove those of one person at a time. And if it were illegal to do so, it would preclude the proof of a partnership by proving the acts and declarations of each party to the contract. And yet such testimony might clearly prove a partnership by the acts and declarations of each member of it, while each is bound only by his own acts and declarations.

The other question in the case is, whether the protest were competent evidence of the presentment of the bill at the Market Bank. If this were a foreign bill, the protest was evidence. *Carter* vs. *Burley*, 9 *N. H. Rep.* 566, *and cases there cited.* The inquiry then arises, whether the bill were a foreign bill or an inland bill. The only circumstance that can cause it to be regarded as a foreign bill, is that it was payable in Boston. A bill, drawn in one State and pay-

able in another, was held to be a foreign bill in the case of the *Freeman's Bank* vs. *Perkins*, 6 *Shepley* 292. The decision is based upon the cases of *Buckner* vs. *Finley*, 2 *Peters* 586 ; *Phœnix Bank* vs. *Hussey*, 12 *Pick.* 483, and *Green* vs. *Jackson*, 3 *Shepley* 136. In those cases the bills were drawn by persons in one State upon persons resident in another, but it is said in *Greene* vs. *Jackson*, that the principle which governed them is equally applicable to bills drawn in one State and payable in another. The two latter named cases depend upon the authority of *Buckner* vs. *Finley*, from the reasoning in which case the principle is to be deduced. That reasoning is, that, with respect to their municipal laws, the States are foreign to each other, and therefore that a bill drawn by a person in one State upon a person in another State, cannot be regarded as an inland bill. One inconvenience that would result from regarding it as an inland bill, would be the necessity of proving, by depositions or witnesses, in every suit on such a bill, presentment and demand ; since the protest could not be given in evidence to prove those facts. That inconvenience would exist in the case before us, were the bill to be considered as an inland bill, and depositions or witnesses must be produced from Massachusetts to prove the presentment in that State. It may be truly said, in a just and liberal sense, that a bill of exchange is foreign which is not governed throughout by our own municipal jurisprudence, as an inland bill exclusively is. *Story on Bills*, § 22. In the case of *Townsley* vs. *Sumrall*, 2 *Peters* 170, it is said by Mr. Justice *Story* to be the general custom of merchants in the United States, that a protest is the customary proof of the dishonor of a bill of exchange drawn in one State upon another ; that it is a practice founded upon general convenience, and has been adopted for the same reasons which apply to foreign bills in the strictest sense. Without determining, therefore, whether the bill were a foreign or an inland bill, it was held that wherever a protest is required to fix the title of the parties,

or by the custom of merchants is used to establish the presentment or dishonor of a bill, it is competent evidence between the parties, who contract with reference to the presentment and dishonor of the bill.

It is unnecessary to determine any other question in the present case than that which relates to the competency of the protest. Whether the bill should be treated as foreign in all respects, need not now be settled. It is sufficient to say that the argument from convenience is strong enough to induce us to regard it as so far a foreign bill as respects the protest and proof, and to arrive at the conclusion that the protest was properly admitted in evidence. *Wells* vs. *Whitehead*, 15 *Wend.* 527. But in the case of the *Bank of the U. S.* vs. *Daniel*, 12 *Peters* 32, a bill, drawn and accepted in Kentucky, by residents of that State, but payable in New-Orleans, was held to be a foreign bill. It is said in that case, "whether a bill of exchange, drawn in one State of this Union, and payable in another, is a foreign bill, involves political considerations of some delicacy, although we apprehend of no intrinsic difficulty at this day. The respective States are sovereign within their own limits, and foreign to each other, regarding them as local governments. 2 *Peters* 586. Kentucky and Louisiana as political communities being distinct and sovereign, and consequently foreign to each other in regard to the regulation of contracts, it follows that a bill, drawn in one and payable in the other, is a foreign bill." This is the first, and, so far as our researches have extended, the only case where the point is distinctly settled, except the case of the *Freeman's Bank* vs. *Perkins*, 6 *Shepley* 292, before referred to ; and if it were necessary in the present case to determine that such a bill is a foreign bill in all respects, would fully authorize us to arrive at that result.

*Judgment on the verdict.*