May Term,
1844.

PIERCE
v.
M'CONNELL.

Friday,
June 21.

APPEAL from the *La Porte* Circuit Court.

*J. B. Niles*, for the appellant.

*J. W. Chapman*, for the appellee.

---

### PIERCE and Another *v.* M'CONNELL and Others.

Although the admission of an individual member of a firm that he is a partner, is evidence to charge himself, it is no evidence of the partnership against any other party.

Assumpsit against *A.*, *B.*, and *C.*, as partners. *A.* pleaded non assumpsit; *B.* appeared and suffered judgment by *nil dicit;* and the writ was returned "not found" as to *C.* *Held*, that on the trial of the issue between the plaintiff and *A.*, the admissions of *B.* of the existence of the partnership of *A.*, *B.*, and *C.*, were inadmissible.

The existence of a partnership, like most other facts, may be proved by one witness; but it is otherwise as to the proof necessary to support an indict-

ment for perjury. To sustain such an indictment, two witnesses, or one witness and corroborating circumstances, are indispensable.

ERROR to the *La Grange* Circuit Court.

BLACKFORD, J.—The plaintiffs in error brought an action of assumpsit against *James M·Connell,* Doctor *James M·Connell,* and *George D. Parmenter,* late partners, trading under the firm of *James M·Connell and Co.* Doctor *James M·Connell* pleaded non assumpsit, and made affidavit of the truth of his plea ; *James M·Connell* appeared and suffered judgment by *nil dicit;* and the writ was returned not served on the other defendant. The issue was tried by a jury, and a verdict and judgment rendered in favour of the defendant who pleaded.

A deposition was offered in evidence on the trial by the plaintiffs, and a part of it suppressed on motion. The suppressed part of the deposition was respecting admissions which the witness had heard *James M·Connell* make of the existence of a partnership of the defendants.

The Court instructed the jury as follows : " To entitle the plaintiffs to a verdict in this case, the proof of the partnership between Doctor *James M·Connell, James M·Connell,* and *George D. Parmenter,* at the date of the note given in evidence, as alleged in the declaration, must be such and so clear and certain, that were Doctor *James M·Connell* now on his trial on an indictment for perjury for swearing to the truth of his plea, this jury upon the same evidence would find him guilty of perjury."

There was no error in suppressing the part of the deposition which we have noticed. Although the declaration or admission of an individual member of a firm that he is a partner, is evidence to charge himself, it is no evidence of the fact against any other party. 2 Stark. Ev. 807.—*Corps v. Robinson et al.* 2 Wash. C. C. R. 388.—*Whitney v. Ferris,* 10 Johns. 66.—*Whitney et al.* v. *Sterling et al.* 14 *id.* 215.—*Robbins et al.* v. *Willard et al.* 6 Pick. 464. In the case before us, there being a judgment by *nil dicit* against *James M·Connell,* and a return of not found as to *Parmenter,* the admissions in question that the three defendants sued were partners, could only affect Doctor *James M·Connell,* who had pleaded to the action. But for that purpose, as the authorities cited show, the admissions were inadmissible.

The instruction to the jury was wrong. The existence of a partnership, like most other facts, may be proved by one witness; but it is otherwise as to the proof necessary to support an indictment for perjury. To sustain such an indictment, two witnesses, or one witness and corroborating circumstances, are indispensable. *Regina* v. *Yates*, 1 Carr. & Marshman, 132.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded, &c.

*J. B. Howe*, for the plaintiffs.

*D. H. Colerick* and *T. Johnson*, for the defendants.