### Bernard *v.* Barry and Hurst.

Demand and notice on a foreign bill of exchange may be proved by notarial protest; but on an inland bill they may be proved by deposition, or oral testimony on trial.

A bill of exchange drawn in one state upon a person residing in another state, is treated as foreign bill.

Where a negotiable promissory note was made in Missouri, and indorsed in Maryland, the *lex loci contractus* will govern the liability of indorsers; and it will be presumed that the *lex mercatoria* prevails in those states, rendering indorsers liable on demand and notice, without suit against the makers. Such a note partakes of the nature of a bill of exchange; and there is no reason why the same rule should not apply as to the recep-

Bernard *v.* Barry.

tion of a notarial protest as evidence; still, an arbitrary difference is made, but it is admissible as a part of a notary's testimony in proving demand and notice.

Where several sue as indorsees on a bill or note indorsed in blank, they need not prove a partnership, nor an express transfer to themselves.

A finding by the jury as to one defendant on a note is a sufficient assessment of damages against his co-defendant.

ERROR, *to Des Moines District Court.*

This was a proceeding by assumpsit and attachment on a promissory note made in St. Louis, by J. and M. Smith, to the order of J. and O. Bernard, and by them indorsed to Barry and Hurst. The suit was commenced by Barry and Hurst, indorsees, against J. and O. Bernard, indorsers of said note. J. Bernard having withdrawn his plea in the case, judgment was rendered against him by *nil dicit.* The plea of general issue filed by O. Bernard was tried by a jury, who returned a verdict against him for the amount due on the note, and for that amount a judgment was rendered against both of the defendants, in favor of the plaintiffs. Upon the trial the plaintiffs did not prove the existence of the firm of Barry and Hurst, or that Samuel M. Barry and John Hurst were members of that firm ; nor prove, otherwise than by the assignment, that the note was indorsed to them ; but it was proved that the indorsement was made in blank by the defendants, and was subsequently filled up by plaintiff's attorney. The court charged the jury that further proof was not necessary, because the defendants had not in their pleadings denied the indorsement under oath. The notarial protest and deposition of the notary were admitted to prove demand and notice, and the firm of J. and O. Bernard.

*D. Rorer,* for plaintiffs in error.

*Grimes* and *Starr,* for the defendant.

*Opinion by* HASTINGS, C. J. If the instrument declared on is a foreign bill of exchange, there is no doubt the notarial

protest should have been received as evidence of demand and notice without other proof; if an inland bill, the protest would not be necessary to entitle the plaintiff to recover. . They could prove demand and notice by deposition, or oral testimony on trial.

This position seems to be uncontroverted, and originated for the convenience of commerce. A bill drawn in one state upon a person residing in another state is to be treated as a foreign bill of exchange. 2 Peters, 586. A negotiable promissory note, when put in circulation, partakes of the nature of a bill of exchange; and if the indorser reside in one state and the indorsee in another state, there appears to be no good reason why the same rule as to the reception of notarial protests as evidence should not be as applicable to the one as the other. But it seems there is an arbitrary difference. In *Nichols* v. *Webb*, 8 Wheat. 326, 331, the court say : " The notarial protest is not therefore evidence of itself in chief of the fact of demand, as it would be in case of foreign bills of exchange; and, in strictness of law, is not an official act."

The protest may be admitted, however, not as evidence of itself, but as a part of the testimony of the officer, and will be entitled to the same credit, and rank in the same grade of testimony, as any written memorandum of a witness taken on the occurrence of events, and forms a part of the *res gestæ*. It was error in the court to admit the protest in evidence as proof of demand and notice in any other manner than as a part of the testimony of the notary, as a paper writing used by him to refresh his memory.

But the .error, if any, of the court below, in admitting the protest, cannot avail the plaintiffs here. 1. Because it appears to be in fact a part of the notary's deposition.    2. Because the record shows that demand and notice were proved.

A case ought not to be reversed for the admission of evidence of a secondary character, when the higher evidence is of the same facts at the same time submitted to the jury.

If the secondary evidence be objected to and admitted by the court, and the party at the same time introduce the pri-

Bernard *v.* Barry.

mary evidence of the same facts, the objecting party is not prejudiced, and the error is cured.

It is urged by counsel, that because this court have decided at the present term that demand and notice are not necessary in this state to hold an indorser liable on notes made and indorsed in this state, that demand and notice were not necessary in this case, and that the plaintiffs ought to have prosecuted the makers to insolvency before the defendants below would become liable.

For aught that appears of record, those events have happened as provided for in the statutes; on the happening of which an indorsee is entitled to his action against the indorsers. But this note was made in St. Louis, Mo., indorsed by the defendants below in Baltimore, Md. The *lex loci contractus* will govern and define the liabilities of the indorser. We will presume the *lex mercatoria* prevails in Maryland and Missouri unaffected by statutory regulations. The indorsers are therefore liable on demand and notice, without suit against the maker, as is required by our statute, provided the maker is solvent.

It is said the statute relative to promissory notes is but cumulative upon the mercantile law, and the indorser may be sued without first prosecuting the maker, he being solvent. The statute clearly, by any fair construction, renders the assignee of a note made and indorsed in this state liable only upon the happening of one of the following events :

1. If the maker have been sued, and in due time prosecuted to insolvency.

2. If the institution of a suit would have been unavailing.

3. If the maker abscond or leave the state when the note should become due.

It appears that the defendants below indorsed the note in blank; this, it is urged, is not a contract in writing. The law authorizes the holder of a promissory note to fill up a blank indorsement, and when so filled, it becomes a contract in writing duly signed by the indorsers, and they are answerable to the holders accordingly. The blank indorsement of the

note in controversy was so filled by the plaintiffs below, and suit instituted. If the defendant believed that no such firm existed, or individuals composing the same, or that there was any other disability in the plaintiffs to the action, they should have pleaded in abatement. They have waived such objections by the general issue.

" When several plaintiffs sue, as indorsees, on a bill indorsed in blank, they are not bound to prove any partnership, nor any transfer expressly to themselves." 2 Greenl. Ev. p. 391.

The finding of the jury on the issue joined by one of the ·defendants was a sufficient assessment of damages against the co-defendants in default by *nil dicit,* the cause of action being joined.

Judgment affirmed.