BALL and Another *v.* SILVER.

Suit upon a promissory note. Answer: that the plaintiff was not the owner of the note; but that one *A.* was the owner, the said *A.* having, before that time, agreed to receive, and the said plaintiff to deliver to him, the said note, in full settlement for certain professional services rendered by *A.* for the plaintiff.

*Held,* that *A.'s* right to sue for the value of the alleged services was neither suspended nor extinguished by the agreement to receive the note, broken as it was by the plaintiff, and therefore the title to the note, and the right to sue upon it, remained in the plaintiff.

APPEAL from the *Tippecanoe* Circuit Court.

HANNA, J.—Suit upon a note. Answer, among other things, that "3. Said note, before the bringing of this suit, was fully satisfied by professional services rendered said plaintiff, by *Joseph J. Brooks,* an attorney at law, which said services were tendered in behalf of said defendant by said *Brooks* in discharge of said note; and said plaintiff agreed to receive, and did receive, the same in full discharge of said note." A demurrer was sustained to this paragraph, which ruling is assigned for error.

It is conceded by the appellant, that formerly a promise by one, for the benefit of a third, person, could not be enforced at law; but it is insisted that it could be in equity, and that the proceedings in the case at bar are valid under our present code of procedure. We are referred to *Bird* v. *Lanius,* 7 Ind. 615. In that case, it was averred that *Bird* was the surviving member of a firm, to the deceased partner in which advances had been made, in money, horses, &c., some before and some after the formation of the partnership, to aid in the work which was the object of that partnership; that *Bird,* when he entered the partnership, by written articles agreed with his partner "to be at equal expense," &c., "taking into account sums before then advanced by either party," &c., and property then used was to be considered joint property and be equally paid for by each party. In that case the Court held, that as *Bird* had the benefit of the advancements, and promised his partner to pay, &c., he was bound by this promise; and he for

Nov. Term,
1861.

BALL
v.
SILVER.

whose benefit it was made might enforce it. In the case at bar, so far as disclosed by the record, *Brooks* was an entire stranger to the original contract, a volunteer in the offer to so discharge it; had not, either before that time, or afterward, received any consideration from defendants for that promise or offer. But see note to *Cumber* v. *Wayne*, 1 Smith's L. Ca. 469.

But even if it was error to sustain the demurrer to the third paragraph of the answer, still there was an answer of payment in, under which it appears to us, the evidence of the transaction, so pleaded, was equally admissible, if legitimate at all. *Louden* v. *Birt*, 4 Ind. 566; *Tilford* v. *Roberts*, 8 *id*. 254.

A demurrer was also sustained to the sixth paragraph of the answer, which averred that the plaintiff was not the owner of the note, but that the title was in said *Brooks*, "said *Brooks* having heretofore, &c. agreed to receive, and said plaintiff having agreed with said *Brooks* to deliver to him, said note in full settlement and discharge of certain professional services previously rendered by said *Brooks* in behalf of plaintiff, who at said settlement and afterward continually excused the non-delivery of said note on the ground that it was in the custody of his agent or mislaid."

The general averment that the plaintiff was not the owner of the note was not sufficient. *Lamson* v. *Falls*, 6 Ind. 309. Did the facts set forth show a transfer of the ownership or title to *Brooks* by the payee? On the one hand it is insisted that they do; on the other, that they show only an unexecuted agreement to transfer. The note was not assigned in writing, nor delivered without such assignment. Its remaining, and being found in the possession of the payee, would, unexplained, be a strong circumstance against the position that the ownership was changed. The pleader therefore, attempts to explain and excuse the possession. If *Brooks* had obtained possession of the note under the facts pleaded, he would, in equity, have been considered the owner, and in this State would have been enabled to sue in his own name as the real party in interest. If he had brought such suit, averring that he had thus purchased said note and that

the same was lost, could he have maintained the suit? A solution to this inquiry depends, perhaps, upon the answer to another, namely, whether the right of action which *Brooks* possessed, to recover on his claim for services, was suspended or extinguished by the agreement to receive the note of defendants, suspended, if the note was to be received conditionally or as a collateral, and extinguished, if by the agreement it was to be in discharge of said debt.

<div style="float:right">

Nov. Term, 1861.

</div>

The failure, by the plaintiff, to perform his agreement with *Brooks*, perhaps, gave him a right of action for such breach. But we are of opinion such broken agreement did not either suspend or extinguish the right of action which *Brooks* had for the alleged services; and, therefore the title to the note remained in the plaintiff, and consequently the right to sue on it.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

G. S. *Orth* and J. A. *Stein*, for the appellants.
R. C. & J. *Gregory*, for the appellee.