------o------

CONNER v. SHARPE.

DEMURRER.—PROMISSORY NOTES.—Suit upon a promissory note. Answer, 1. A denial, under oath, of the execution of the note. 2. That the note had been materially altered after its delivery. The second paragraph was not sworn to.

*Held,* that as all the evidence admissible under the second paragraph was admissible under the first, there was no error in sustaining a demurrer to the second answer.

APPEAL from the *Warren* Common Pleas.

FRAZER, J.—*Sharpe* sued *William W. Conner* and *Charles Conner* upon a promissory note purporting to be executed

by them.    There was a return of "not found" as to *Charles.*
*William* answered:  1.  A denial that he executed the note.
2.  That the note had been materially altered after its exe-
cution and delivery, to-wit, by adding the name of *Charles*
as a joint maker.    The first paragraph, only, was sworn to.
A demurrer was sustained to the second paragraph, and
this is the only error assigned.

We are unable to perceive how the appellant could be
injured by the ruling complained of.    Aside from the ques-
tion as to whether the paragraph could have been of any
advantage to him upon the trial, not being verified by oath,
(concerning which it is not necessary to express an opinion,)
it is very clear that the first paragraph admitted whatever
defense would have been admissible in evidence under the
second, inasmuch as it embraced the second and much more.
If, after its execution, the note was so materially changed
as not to bind the maker, it was, as changed, not the note
he made.    *Harper* v. *The State,* 7 Blackf. 61.    The second
paragraph should, therefore, have been stricken out on
motion; and we have repeatedly held that, in such a case,
inasmuch as a demurrer sustained practically accomplishes
the same end, no injury results, and the error, if any, can-
not, therefore, be available here.

The judgment is affirmed, with costs.

*J. McCabe,* for appellant.