## KING ET AL. *v.* BARBOUR ET AL.

PARTNERSHIP.--*Promissory Note.* — *Non Est Factum.*—*Infancy.*— *Harmless Ruling.*—*Dissolution.*—In an action against A. and B., as alleged copartners, on a promissory note executed in their alleged copartnership name, B., in one paragraph of answer, pleaded *non est factum*, under oath; and also, in another paragraph, that, "during the entire continuance of the partnership," he was an infant, and that, after attaining his majority, A. had executed the note in suit without the knowledge of B.

*Held*, on demurrer to the latter paragraph, that it is not a plea of infancy, and that, as it amounts only to an argumentative denial of the execution of the note, a fact alleged in the former paragraph, the sustaining of the demurrer was harmless.

*Held*, also, that, under the allegations of the latter paragraph, there was a dissolution of the copartnership, on B.'s attaining his majority.

SAME.—*Declarations of one not Evidence against another, to Establish Partnership.*—The declarations of a member of a firm, made· in the absence of one sought to be charged as a copartner, are wholly incompetent for the purpose of proving that the latter is a member of such firm.

From the Decatur Circuit Court.

*C. Ewing* and *J. K. Ewing*, for appellants.

*L. Bracken, O. B. Scobey, J. D. Miller* and *F. E. Gavin*, for appellees.

HOWK, C. J.--This was a suit by the appellees, as the payees, against the appellants, as the makers, of a promissory note, of which the following is a copy :

"$929.41.               CINCINNATI, JUNE 25th, 1872.

"One day after date, we, the undersigned, residing at Ewing, County of Decatur, State of Indiana, promise to pay to the order of Barbour, Stedman & Herod, nine hundred and twenty-nine and forty-one hundredths dollars, at their office in Cincinnati, Ohio, with interest at the rate of ten per cent. per annum after maturity, and attorney's fees, if employed to collect this note, without any relief whatever from homestead, valuation or appraisement laws. The drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.      (Signed,)      J. G. King & Son."

The appellant George E. King separately answered, in five paragraphs; in the first of which he affirmed, under oath, that the note in suit was not his act and deed. The fifth paragraph of his answer was a general denial; and in the second, third and fourth paragraphs, respectively, he stated special matter, by way of defence. The appellant John G. King separately answered, in a single paragraph, that the note sued upon was fully paid before the commencement of this action. To each of the special paragraphs of the separate answer of said George E. King, the appellees demurred for the alleged insufficiency of the facts therein to constitute a defence to their action, which demurrer was overruled as to the second, and sustained as to the third and fourth paragraphs of said answer, and to this latter ruling the said George E. King excepted. Replies were filed by the appellees, in denial of the second paragraph of the separate answer of said George E. King, and of the separate answer of said John G. King.

The issues joined were tried by the court and a finding was made for the appellees, against both of the appellants, for the full amount of the note, with interest and attorney's fees. The appellants separately moved the court for a new trial, which motions were severally overruled, and to these decisions they separately excepted.

Judgment was rendered by the court, on its finding, and from this judgment this appeal is prosecuted, by both of the defendants below.

The following decisions of the circuit court have been assigned as errors, by the appellants, in this court:

1. In sustaining the appellees' demurrers to the third and fourth paragraphs of the separate answer of the appellant George E. King;

2. In sustaining appellees' motion to strike out the interrogatories propounded to them by said George E. King;

3. In overruling the separate motion of the appellant George E. King for a new trial; and,

4. In overruling said John G. King's separate motion for a new trial.

1. In the third paragraph of his separate answer, the appellant George E. King alleged, in substance, that, all the time during which the partnership existed between him and his co-appellant, John G. King, he, the said George E. King, was an infant and under the age of twenty-one years; that he had a separate estate of about $800.00 in money, which his father, the said John G. King, took possession of, and, as his natural guardian, claimed the right to use, and did use his means and name in the said firm of J. G. King & Son; that the said John G. King became a bankrupt and squandered his estate and the estate of the appellant George E. King; and he, the said George E. King, averred that he never received nor retained any part or parcel of the consideration of the note in suit, and never, at any time after arriving at full age, did he ratify the acts of his father, his co-appellant, in using his name in said firm, nor did he, directly or indirectly, assent to or approve of the acts of said partnership; and that immediately after his arrival at full age, without his knowledge and consent, his father executed the said note in the manner aforesaid.

It seems to us, that the court committed no error in sustaining the appellees' demurrer to this paragraph of answer, which would be available to the appellant for the reversal of the judgment below. At most, the allegations of this paragraph, as we construe them, amount only to a special denial of the execution of the note in suit. It is alleged, that, during the entire continuance of the partnership, the appellant George E. King was an infant under the age of twenty-one years; but it is also alleged, that the note was executed after his arrival at full age. Therefore, the paragraph cannot be regarded as a plea of in-

fancy; but it can only be regarded as a special, or perhaps an argumentative, denial of the execution of the note in suit. For, if he was an infant during the entire existence of the partnership, then it follows, that, when he arrived at lawful age, the partnership was or had been dissolved; and if, as alleged, the note was executed after his arrival at full age by his co-appellant, without his knowledge and consent, it was thus executed after the dissolution of the partnership and was not his note.    It is very clear, we think, that all the material facts alleged in this paragraph might have been given in evidence under the other paragraphs of answer, remaining in the record.    In such a case, it has often been decided by this court, that it is a harmless error to improperly sustain a demurrer to the paragraph of answer.    *Conner* v. *Sharpe*, 27 Ind. 41 ; *Wolf* v. *Schofield*, 38 Ind. 175 ; and *Strough* v. *Gear*, 48 Ind. 100.

In the fourth paragraph of his separate answer, the appellant George E. King alleged that this action was not prosecuted in the name of the real party in interest. This paragraph of answer was clearly insufficient, on the appellees' demurrer thereto for the want of facts.    *Lamson* v. *Falls*, 6 Ind. 309 ; *Swift* v. *Ellsworth*, 10 Ind. 205, and *Ball* v. *Silver*, 17 Ind. 539.

2.    The second alleged error, namely, the sustaining of appellees' motion to strike out certain interrogatories, is not even alluded to by the appellants' counsel, in their brief of this cause.    Under the settled practice of this court, therefore, this error must be regarded as waived, if there was any error in the decision complained of.

3.    In the separate motion of the appellant George E. King for a new trial of this case, the following causes were assigned therefor:

1.    The finding of the court was not sustained by sufficient evidence;

2. The finding of the court was contrary to law; and,

3. Because the court erred in allowing Goodrich H. Barbour, a witness on the stand, to testify to conversations with John G. King, in the absence of the appellant George E. King, as to the membership of the firm of J. G. King & Son, and in allowing him to testify upon whose faith he sold the goods for which the note in suit was given, over the said appellant's objection.

A bill of exceptions, containing the evidence and the proceedings on the trial, is properly in the record. It seems to us, from our examination of the bill of exceptions, that the motion of said George E. King for a new trial ought to have been sustained. There is no evidence in the record, as we read it, worthy of the name of evidence, which tends even to show that he was the partner of his father. The declarations of the father, made in the absence of the son, that the latter was a member of the firm of J. G. King & Son, were not legal evidence of the fact that George E. King was the partner of his father, John G. King. Both father and son, in their evidence, respectively denied, in clear, positive and unequivocal terms, that there had ever been any partnership between them. There is no evidence in the record, that George E. King ever acted as a member of the firm, or that he ever held himself out to the world, or the community in which his father lived, as a partner, or that he had ever, either by word or deed, induced any one, or tried to induce any one, to give credit to his father, or to the firm name which his father used without his authority. The goods for which the note was given were sold to John G. King in person, at Cincinnati, in April, 1872; on the 29th day of the next month, May, 1872, George E. King became of lawful age; and, on the 10th day of July, 1872, he went to Missouri, where he has since resided. The evidence failed to show, we think, that he ratified, approved

or confirmed, after he became of age, the acts of his father either in the use of his name, as. a member of the firm, or in the execution of the note in suit, in- the name of the firm. If it can be. said, from the evidence, that a partnership ever existed between the father and the son, which we are inclined to doubt, it is certain, we think, that it ceased to exist when the son became of age, and that it had been fully dissolved before the execution of the note by the father, in the name of the firm. The note, thus executed in the absence of express authority from the son, which was not shown, was not his note. This is not a case of conflicting evidence ; but the appellees, who had the burthen of the issue, have wholly failed to show, by any competent evidence, that the note in suit was the note of George E. King. · To do this, it was indispensable that they should show by legal evidence, that, after his arrival at full age, he was a copartner of his father, John G. King, in the firm of J. G. King & Son. This fact can not be shown by the declarations of John G. King, made in the absence of George E. King. It is settled law, that the declarations of one person, that he is a member of a given firm, are competent evidence against himself, to prove such partnership ; but that the declarations of such person that another person was also a member of such firm, made in the absence of such other person, are wholly incompetent for the purpose of showing that the latter is a member of said firm. *Pierce* v. *McConnell*, 7 Blackf. 170 ; *Graham* v. *Henderson*, 35 Ind. 195.

We are clearly of the opinion, that the court erred in overruling the separate motion of the appellant George E. King for a new trial.

5. The fifth alleged error, the overruling of John G. King's separate motion for a new trial, is not discussed by the appellants' counsel, in their brief of this cause in this court. We must, therefore, under the practice of this court, before referred to, regard this error as waived.

The judgment against the appellant George E. King is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain his motion for a new trial, and for further proceedings in accordance with this opinion. The judgment against John G. King is affirmed, at his costs.

Opinion filed at November term, 1879.

Petition for a rehearing overruled at May term, 1880.