Filed March 11, 1890.

---

No. 10,878.

## VANNOY ET AL. *v.* KLEIN ET AL.

PARTNERSHIP.—*Evidence.*—*Admissions of Partners.*—In an action for goods sold and delivered to the members of a partnership, where each defendant by a separate denial puts his liability in issue, any declaration made by either tending to show any kind of liability is competent as against the one making it; and, hence, the admission by the partner to whom the goods were sold that the other was the partner, but the license was made in his name, was admissible against the one making the admission.

SAME.—*Bill of Particulars.*—*Parties.*—*Complaint.*—*Variance.*—A variance between the names of the parties to whom the goods are charged in the complaint and on the bill of particulars, in this case in the caption of the bill, is an immaterial variance, and will be disregarded if the bill is otherwise in substantial conformity to the requirements.

EVIDENCE.—*Limiting of to Particular Subject.*—*Waiver of Objection.*—Where a distinct item of evidence has been admitted, even though it be over

objection, in case the court at the request of the party objecting, afterwards limits it to a particular subject, or in a specified manner, the party making the request will not afterwards be heard to complain that the evidence was improperly admitted for the purpose to which it was applied at his request. The objection will be deemed waived so far as the evidence has been limited to the subject requested.

From the Henry Circuit Court.

*D. W. Chambers, J. S. Hedges, G. V. Howk* and *J. C. Zulauf,* for appellants.

*J. H. Mellett, E. H. Bundy, E. K. Adams* and *L. J. Hackney,* for appellees.

MITCHELL, C. J.—Solomon Klein and others, partners doing business under the firm name of Klein Brothers & Hyman, instituted this action against Robert W. Matthews and John W. Vannoy, alleging that the latter were indebted to them in a specified sum for goods, wares and merchandise, sold and delivered by the plaintiff to the defendants at their especial instance and request. A bill of particulars specifying the particular goods sold, with the date of each sale and the price of the commodity sold is referred to in and filed with, and made a part of the complaint.

The defendants answered separately, Matthews by a general denial and a plea of payment, Vannoy by a general denial only.

At the trial one of the plaintiffs testified to the effect that he made the sale to the defendants, and that Matthews alone was present when the goods were sold. Being asked to state the conversation had with Matthews, he said, in substance, that he asked him who would be responsible for the goods, when he replied : " The license is in my name, but Mr. Vannoy is the partner." The court overruled a motion to strike out the statement " Vannoy is the partner." This is complained of as error. Whether or not evidence of a particular character is admissible in a given case must be determined with reference to the issues under examination. The

defendants having each by a separate denial put his liability in issue, any evidence which tended to show a separate liability on the part of either, or that they were partners, or jointly liable, was competent as part of the plaintiff's original case. Any declaration, therefore, made by either, tending to show any kind of liability, was competent as against the one making it. *Bond* v. *Nave,* 62 Ind. 505; *Graham* v. *Henderson,* 35 Ind. 195.

It is of course a well established rule of evidence that upon an issue of partnership or no partnership, the declarations of one of the alleged partners, made in the absence of the other, are not competent as against the one absent to establish the controverted fact, or for the purpose of implicating him with the other in a given transaction.

So far as the admission tends to charge the person making it, it is competent evidence against him, but it is no evidence upon which to charge another. *Pierce* v. *McConnell,* 7 Blackf. 170; *King* v. *Barbour,* 70 Ind. 35; *Boor* v. *Lowery,* 103 Ind. 468; *Moore* v. *Shields,* 121 Ind. 267; *Cowan* v. *Kinney,* 33 Ohio St. 422; *Edwards* v. *Tracy,* 62 Pa. St. 374; *Whitney* v. *Ferris,* 10 Johns. 66; *Harris* v. *Wilson,* 7 Wend. 57; 9 Am. and Eng. Encyc. of Law, p. 342.

If Matthews had made default, or admitted his liability for the debt, or if the issues between him and the plaintiff had been of such a character as to render any evidence tending to show his relation to the transaction immaterial, then his admissions respecting who was responsible for the goods would have been incompetent for any purpose, and it would have been error to overrule the motion to strike them out. Thus, in *Cowan* v. *Kinney, supra,* where one of the alleged partners, by his answer, admitted his liability for the debt, but pleaded a discharge in bankruptcy, it was held that his declarations tending to show a partnership between himself and another, were not admissible in evidence for any purpose. The reason plainly was, as stated by the court, that such admissions could have had no other effect than to prejudice

the interest of the other alleged partner. This can not, however, be said in the present case. In view of the issues made by the pleadings the plaintiffs were justified in assuming that Matthews would deny his liability entirely, either on the ground that he purchased the goods as the avowed agent of Vannoy, or upon some other ground. His admission that Vannoy was the partner was equivalent to a declaration that he and Vannoy were partners. It was, therefore, admissible against himself.

Having admitted the declarations of Matthews, it was the duty of the court to admonish the jury at the time that his declarations were only admitted as against himself, and to instruct them that they were not to be considered as evidence against Vannoy. The appellant does not complain, however, of the failure of the court in this respect, but asks a reversal because his motion to strike the evidence out entirely was overruled. Moreover, it appears by the record that the court, with its instructions to the jury, gave one prepared and requested by the appellant, to the effect that the statements of Matthews were not admitted in evidence as tending to prove a partnership, or joint liability between Matthews and Vannoy, but solely for the purpose of proving to whom the plaintiffs gave credit. Even if the evidence complained of had been improperly admitted in the first instance, since, by asking the court to charge the jury as above the appellant recognized the evidence as being properly before the jury for the purpose indicated in the charge, he would not now be heard to complain because the court did not strike the evidence out entirely.

Where a distinct item of evidence has been admitted, even though it be over objection, in case the court at the request of the party objecting, afterwards limits it to a particular subject, or in a specified manner, the party making the request will not afterwards be heard to complain that the evidence was improperly admitted for the purpose to which it was applied, at his request. The objection will be deemed

waived so far as the evidence has been limited to the subjects requested.

It is next contended with much force and plausibility, that in view of the variance between the face of the complaint and the bill of particulars, which is made a part thereof, it was not competent for the plaintiff to show that the appellant was liable to them for the goods sold, and that hence all the evidence tending to show that he was jointly liable as partner, or that he was in anywise holden, was irrelevant, incompetent and inadmissible. As we have seen, it is alleged in the complaint that the defendants, Matthews and Vannoy, are indebted to the plaintiffs for goods, wares, etc., a bill of particulars of which is filed, etc. The bill of particulars, or statement of the items, with the dates and values, is preceded by a caption thus:

"*Mr. R. W. Matthews, Shelbyville, Ind.*:

"Bought of Klein Bros. & Hyman, wholesale liquor dealers."

The argument is that the bill of particulars being a proper and necessary exhibit filed with the complaint, the statements therein contained controlled the general allegations of the complaint. The principle upon which the argument rests is well established, and is abundantly supported by authority. *Miller* v. *Roberts*, 106 Ind. 63; *Blond* v. *Rick*, 107 Ind. 238 (243); *Second Nat'l Bank, etc.,* v. *Hutton*, 81 Ind. 101; *Briggs* v. *Fleming*, 112 Ind. 313, and cases cited. It is not controlling, however, in the present case, and the reason is that the caption is not an essential or material part of a bill of particulars.

A bill of particulars is intended to amplify or specify more particularly the claim set up, and pleaded generally in the complaint, and it is only in respect to those matters which are essentially a part of the bill, that the particular or amplified statement controls the general averments in the complaint. *Blond* v. *Rick, supra*; *Starkweather* v. *Kittle*, 17 Wend. 20; 2 Am. & Eng. Encyc. of Law, p. 248. Its object

is to inform the adverse party of the nature of the claim, and to limit the proof to the items specified and the amount therein claimed.   It is not intended to control the specific allegations of the complaint as to parties and the like.

The averment in the complaint is specific that Matthews and Vannoy are indebted to the plaintiff for goods, wares and merchandise sold and delivered.   The reference to the bill of particulars, exhibited with the complaint, is for the purpose of identifying the particular goods, wares and merchandise for which the defendants are indebted, and of limiting the proof to the items mentioned, and not to specify the parties to be charged.

A variance between the names of the parties to whom the goods are charged on the bill of particulars, and in the complaint, is an immaterial variance, and will be disregarded if the bill is otherwise in substantial conformity to the requirements.   A variance between the bill of particulars and the evidence will not be regarded, unless the bill was calculated to mislead.   *McNair* v. *Gilbert,* 3 Wend. 344; *Brown* v. *Williams,* 4 Wend. 360; *Hayes* v. *Wilson,* 105 Mass. 21.

There was no error.

The judgment is affirmed, with costs.

Filed Dec. 17, 1889; petition for a rehearing overruled March 11, 1890.