No. 51.

FURRY *v.* O'CONNOR ET AL.

CHANGE OF VENUE.—*Failure to Perfect in Time.*—*Clerk Misleading Party.*— A party applying for a change of venue is bound to complete it within the time allowed, and can not allege as an excuse for not perfecting it within time that the clerk of the court failed to notify him when the change was granted, according to his agreement to do so, or that he misled such party in stating that the change had not been granted, when, in fact, it had been.

PLEADING.—*Variance Between Complaint and Bill of Particulars.*—If there is a variance between the allegations of a complaint and a bill of particulars, the former control.

EVIDENCE.—*False Representations Made to a Commercial Agency.*—If a merchant, by false and fraudulent statements, made to a commercial agency, obtain a rating of credit to which he is not entitled, in order to induce a wholesale dealer to intrust him with a correspondingly large bill of goods, this circumstance may be given in evidence against him as a badge of fraud; and such wholesale dealer may show that he acted upon the information thus obtained, and was thereby induced, in good faith, and as a business man of ordinary prudence, to part with his goods.

JUDGMENT.—*Waiver of Tort.*—*Form of Judgment.*—If the plaintiff waive the tort, and sue *ex contractu,* he can not recover a judgment *ex delicto,* even though the evidence show a tort.

SAME.—*Kind of Judgment.*—*How Determined.*—If the complaint is unambiguous, oral evidence can not be heard to determine the character of the judgment.

SAME.—*Modifying.*—In deciding a motion to modify a judgment the court can not look beyond the pleadings.

EXEMPTION.—*Fraud.*—In an action *ex contractu* the defendant can not be deprived of his right to claim his exemption on the ground that the evidence shows the transaction to amount to a tort.

PRACTICE.—*Misjoinder.*—*Reversal of Case.*—A case will not be reversed for a misjoinder of causes of action.

SAME.—*No Misjoinder when One of two Paragraphs is Bad.*—If there are only two paragraphs in a complaint, and one of them is bad, to all intents and purposes there is but one paragraph in the complaint, and there is, therefore, no misjoinder.

SAME.—*Waiver of Tort.*—*Effect.*—A waiver of a right to sue *ex delicto* is a waiver as to the entire remedy, and not of a part of it only; but such waiver does not apply to the evidence.

From the Marion Circuit Court.

*E. Marsh, W. Cook* and *R. Williamson,* for appellant.
*F. Winter,* for appellees:

REINHARD, J.—This action was brought by the appellees against the appellant and one Richard F. Moore on an account for merchandise alleged to have been sold and delivered to them by the appellees. A judgment was recovered against both Moore and Furry, from which the latter alone appeals.

On appellant's motion an order was made changing the venue of the cause to the Hamilton Circuit Court and granting appellant fifteen days in which to perfect the change, which was not done, however, within the time to which the order was limited. Appellant, afterwards, moved the court to extend the time for completing the change, which motion was overruled and an exception taken. We are asked to reverse the cause for this reason.

We do not think that the court committed any error in overruling the motion. The appellant bases his right to the relief demanded by the motion upon the alleged bad faith of the clerk of the Marion Superior Court. He alleges that after he filed his affidavit for a change of venue the court took the same under advisement; that the clerk promised his attorney, who resided at Greenfield, to notify him as soon as the order was made, so that he might perfect the change within such time as might be fixed in the court's order; that the attorney had some correspondence with the clerk; that at one time the clerk wrote to the attorney that the order was not yet made, when, in truth and in fact, it had then been made, a fact which appellant and his attorney did not learn until after the time for perfecting the change had expired.

We do not think these facts show any excuse for the appellant's failure to comply with the order of court. It is no part of the duty of the clerk of the superior court to notify parties of the proceedings and orders of court. This is one

of the functions which attorneys are employed to perform, and if the appellant or his attorney made an agreement with the clerk to the effect that the latter was to notify such attorney of the making of the order, such clerk, for the purpose of such notification, became the agent of the appellant and not the official organ of the court, and the appellant is bound by his acts. Their agreement was a matter of private concern between themselves, and one with which the court had nothing to do and could take no notice of.

The motion was properly overruled.

The complaint is in two paragraphs. The appellant demurred separately to each.

The first paragraph is an ordinary declaration upon an account for goods sold and delivered by the plaintiffs to the defendants, at their instance and request, and of the value of $79.37, as specified in a bill of particulars filed with this paragraph and made a part thereof.

The specific objection in reference to this paragraph is to the bill of particulars, which is superscribed as follows :

"Exhibit A.

"M. O'Connor & Co.

"Sold to R. F. Moore, Suc'r to

"S. Furry, Greenfield, Ind."

Appellant insists that the statements contained in these head-lines of the bill of particulars control the averments in the complaint, and make the complaint disclose, upon its face, the fact that the goods were sold to Moore alone.

We do not so regard it. This paragraph of the complaint contains the averment that they were sold to both defendants, and this averment is the controlling one. We are aware that in actions upon written contracts, where the contract, or a copy thereof, is filed with and made a part of the pleading as an exhibit, the contents of the contract control rather than any averments of the complaint which may be in conflict with the same. The reason for this is obvious. The contract itself is the highest and best evidence of its contents,

and can not be varied nor impeached by parol. This rule has no application to a bill of particulars. It can not be introduced in evidence at all. Neither does the statute which requires such a bill of particulars to be filed with the complaint provide that it shall have a heading or superscription. Sections 362, 363, R. S. 1881.

Such a statement must, therefore, be rejected as surplusage.

The decision of the court in overruling the demurrer to the first paragraph of the complaint was correct.

The second paragraph is *ex delicto*, and seeks to charge Furry with liability on account of fraud. The substance of this paragraph is that Furry, the appellant, was the owner of a grocery store in the town of Greenfield, Hancock county, Indiana; that he was involved in a suit with his wife for divorce and alimony; that he came to Indianapolis and found Moore, " whom plaintiffs say said Furry knew, and was informed that he (Moore) had no means or money of any kind; " that the two then entered into an agreement, whereby Furry sold to Moore his said grocery store for $800; that in reality, however, it was not a sale at all; that Furry took from Moore a chattel mortgage on the entire stock sold to him; that Furry did not have the mortgage recorded, " but falsely and fraudulently, and with the intent to assist the said Moore, and by a special agreement with the said Moore to obtain a greater credit, as the supposed owner of said store, renewed the said mortgage from time to time until the 11th day of April, 1887, when the said mortgage was renewed the last time; " that, " in furtherance of the said agreement and conspiracy," Furry bought goods of different parties on credit, the plaintiffs among others named, and that before the bills came due Moore returned the stock of goods to Furry, together with those purchased of plaintiffs and other parties, the said Furry thereby obtaining the goods of the plaintiffs and others without paying anything for them, by which the plaintiffs were damaged $200, etc.

This paragraph is probably bad for several reasons, which we need not mention here. We think, however, that the facts found by the court, specially, fully sustain the averments contained in the first paragraph. While the facts make out a case of *tort*, the rule is well settled that a plaintiff, in such a case, may waive the tort, and sue *ex contractu*. *Cooper* v. *Helsabeck*, 5 Blackf. 14. If the facts found by the court were sufficiently proved, we think the appellant was liable. See *Gilmore* v. *Merritt*, 62 Ind. 525; *Wolfe* v. *Pugh*, 101 Ind. 293.

There was no available error in overruling the demurrer to the second paragraph.

There was a demurrer for misjoinder of causes of action in improperly uniting a paragraph *ex contractu* with one *ex delicto*. The demurrer was overruled, and we are asked to reverse the cause on this account.

If the second paragraph of the complaint was insufficient the complaint, to all intents and purposes, contained but one paragraph, and there was, therefore, no misjoinder. But, aside from this, the statute expressly provides that no cause shall be reversed for improperly overruling or sustaining a demurrer for this cause. Section 341, R. S. 1881; *Rennick* v. *Chandler*, 59 Ind. 354; *Coan* v. *Grimes*, 63 Ind. 21.

There was a trial by the court, and a finding and judgment in favor of the appellees against both the appellant and Moore.

A motion for a new trial, by the appellant, was overruled, and this ruling is assigned as error.

One of the causes for a new trial, assigned, was that the finding was not sustained by sufficient evidence. The appellant insists, with much earnestness, that the judgment must be reversed for this reason. We have examined the evidence and think it tends to sustain the finding of the court. Fraud is never presumed, it is true, but must be clearly proved. But it is rarely ever established by anything but circumstan-

tial testimony. The evidence in this case is such that the court was justified in drawing from it the inferences it did draw, and such as will render the appellant liable. Furry has no room for complaint. In his traffic with Moore he obtained the property of the appellees without paying anything therefor. If he allowed the appellant to fritter away the goods upon which he had a mortgage, it was his own fault. The mere fact that he permitted Moore to retain the possession of the mortgaged property, without making some provisions for the payment of the proceeds of any sales to himself is, of itself, a badge of fraud. We do not think the court committed any error in overruling the motion for a new trial on account of the insufficiency of the evidence.

The appellant also complains of the ruling of the trial court in the admission in evidence of certain letters, one written by Furry to Schrader Bros., after the sale by him to Moore, and one by Moore to the same parties. The letters are not competent evidence against any one but the writer. As such they tend to explain some conduct in connection with the goods, and for that purpose they were properly admitted. There was no error in this ruling.

We can find no reason why the court should have sustained the motion for a *venire de novo*.

The facts found support the first paragraph of the complaint. They are not ambiguous, nor is the general finding.

Error is claimed in the ruling of the court in admitting certain statements Moore was proved to have made to the commercial agency of R. G. Dunn & Co., and which were by them communicated to the appellees in relation to the financial condition of Moore.

We see no error in this. These statements were given to support the theory of fraud, and we think they were competent for that purpose, at least as against Moore. After it was proved by Moore himself that he had made the statements, substantially as given, to the agency, it was not error to permit the appellees to prove that such statements were

obtained by them in the usual course of business as patrons of the agency.

Commercial agencies have become vast and extensive factors in modern commercial transactions for furnishing information to retail dealers and jobbers as well as to wholesale merchants. The courts are bound to know judicially that no vender of goods at wholesale can be regarded as a prudent business man if he sells to a retail dealer upon a credit without first informing himself through these mediums of information of the financial standing of the customer, and the credit to which he is fairly entitled. And certainly if such dealer has by false and fraudulent statements obtained a rating of credit to which he was not entitled, in order to induce the wholesale dealer to intrust him with a correspondingly large bill of goods, the circumstance may be given in evidence against him as a badge of fraud, and the wholesale dealer may show that he acted upon the information thus obtained, and was thereby induced in good faith, and as a business man of ordinary prudence, to part with his goods. We can not disturb the judgment on account of this ruling.

The judgment of the court contained a provision by which it was decreed that the appellant was not entitled to the benefit of the exemption law under the same.

At the proper time the appellant moved the court to modify the judgment by striking out this clause in reference to the exemption. This the court refused to do, and the question is presented to us for review.

The appellees had a right to waive the tort and sue *ex contractu.* If the evidence established a tort it was not such a variance as to deprive the appellees of their right of recovery. But they could not recover a judgment *ex delicto* upon a complaint which sounds in contract. The appellees can have no greater rights than they claim in the complaint. This is but another mode of stating that a plaintiff must recover upon the theory of his complaint. The case of *Gilmore* v. *Merritt, supra,* does not support the contention of

appellees, that the judgment may be in tort while the complaint is *ex contractu.* When the appellees waived their right to sue *ex delicto,* they waived it as to the entire remedy, not to a part only. It is true that, if the evidence makes out a case of tort, it may still support the allegations of the complaint. The waiver does not apply to the evidence. If a question subsequently arises, whether the judgment is one on contract or in tort, the pleadings are the only evidence by which the character of the judgment will be determined. If the rule were as appellees contend, oral evidence would have to be resorted to in order to determine the nature of the judgment, for if this is to be determined by the evidence in the original trial instead of the pleadings, then the court would have to hear testimony of what the evidence was. But the rule has been settled otherwise. Unless the complaint is ambiguous, the pleadings are the only means of determining the character of the judgment, and parol testimony is not admissible. *Gentry* v. *Purcell,* 84 Ind. 83.

We think the findings of the court are fairly sustained by the evidence under the first paragraph of the complaint, but we also believe the court should have modified the judgment in accordance with the appellant's motion. Indeed, we regard it as extremely doubtful whether, under any phase of pleading, it is proper to insert in the judgment a clause which directs that the defendant shall not have the right to the benefit of exemption laws. Whether he was or was not entitled to the benefit of exemption of his property from sale on execution from this or any other judgment was not a fact in issue in the case, and hence no finding or judgment upon such question could be legitimately inserted.

In deciding the motion to modify the judgment, the court could not look beyond the finding and the pleadings. *Shaw* v. *Newsom,* 78 Ind. 335.

The motion to modify the judgment should have been sustained.

The judgment of the court in overruling the motion to

modify the judgment is reversed, at the costs of the appellees, and the cause is remanded to the court below, with directions to modify said judgment by eliminating therefrom the clause in reference to the defendant's right to the benefit of exemption of property from execution, and in all other respects the judgment is affirmed.

Filed June 9, 1891.