No. 505.

WELLINGTON *v.* HOWARD ET AL.

PLEADING.—*Complaint.—Bill of Particulars.—Variance.—Demurrer.*—Where in an action on account, the complaint averred that the goods had been sold to W., and the bill of particulars was headed J. H. S., agent for W., in account with, etc., this was not a variance which rendered the complaint obnoxious to a demurrer. The caption of a bill of particulars is not essential or material, and may be rejected as surplusage.

From the Delaware Circuit Court.

*W. A. Kittinger, L. M. Schwinn* and *G. A. Koons,* for appellant.

*C. E. Shively,* for appellees.

REINHARD, C. J.—This is an action on a book account. The overruling of a demurrer to the complaint is the first error complained of. The complaint avers that the goods were sold and delivered to the appellant. The bill of particulars filed with the complaint is headed thus:

" J. H. Sharp, agent for James Wellington, Anderson, Ind., in account with I. R. Howard &' Co., wholesale grocers." It is claimed that this constitutes a variance between the complaint and exhibit, and renders the former obnoxious to a demurrer. In this view we can not concur. The caption of a bill of particulars is not essential or material, and may be rejected as surplusage. *Furry* v. *O'Connor,* 1 Ind. App. 573; *Vannoy* v. *Klein,* 122 Ind. 416.

The remaining specification of error calls in question the sufficiency of the evidence. It is argued by appellant's counsel that the uncontradicted evidence shows that the goods were sold to Sharp, and not to Wellington, and that the latter was but a guarantor for the former. We have examined the evidence, and find that it tends to sustain the theory that the goods were purchased by Sharp as the agent of Wellington. While there is also evidence of a contradictory nature, we can not undertake to determine where

the preponderance is, but must presume in favor of the correctness of the ruling of the trial court. The evidence is voluminous, and we can discern no particular benefit in setting it out.

Judgment affirmed.

Filed Sept. 29, 1892; petition for a rehearing overruled Dec. 14, 1892.