JAMES T. CHANDLER & SON, INCORPORATED, a corporation created by and existing under the laws of the State of Delaware, v. WILLIAM J. SMOLKA.

416

(*April* 18, 1940.)

TERRY, J., sitting.

*S. Lester Levy* for plaintiff.

*George W. Lilly* for defendant.

Superior Court for New Castle County, No. 116, January Term, 1939.

TERRY, J., delivering the opinion of the Court:

I shall consider the assignments of error in their order.

A. That the Court erred in not granting the motion of the defendant for binding instructions.

The plaintiff in said declaration is James T. Chandler & Son, Incorporated, and the defendant is William J. Smolka. The bill of particulars is in the following form:

Wilmington, Delaware March 9, 1939

Estate of Peter Drejka, 109 Poplar Street

to James T. Chandler & Son, Dr.
Incorporated
Funeral Directors

Telephone 3-3141                    Delaware Avenue & Jefferson Street

| 1938 | For Funeral of Peter Drejka | |
|------|------|------|
| June 14 | To removing and preparing remains ... | 45.00 |
| | funeral notices ................ | 8.00 |
| 17 | Mass at St. Stanisleus Church .... | 35.00 |
| | two graves—Cathedral Cemetery .. | 40.00 |
| | Cathedral Cemetery expense ...... | 45.00 |
| | furnishings ..................... | 6.00 |
| | casket ......................... | 196.00 |
| | case ........................... | 25.00 |
| | blanket and handkerchief ........ | 10.00 |
| | use of hearse ................... | 15.00 |

425.00

Over objection of the defendant the Court permitted James T. Chandler, Jr., a witness for the plaintiff, to testify that the name of the party to be charged appearing upon the face of the bill of particulars was written there in error and that the proper name that should have been written therein is William J. Smolka.

Upon the conclusion of the testimony on behalf of both parties the defendant moved for binding instructions, alleging as his grounds for such request that a variance existed between the bill of particulars and the declaration as to the names of the parties, and also that a variance existed between the bill of particulars and the proof as to the names of the parties. Each variance, the defendant contends, is fatal and the Court erred in not granting the defendant his prayer for binding instructions.

In dealing with the subject of variance, it is interesting to note that common counts and bill of particulars were unknown to early Common Law pleading. Under actions of debt and *assumpsit* the technical, drawn-out accounts gave way in some instances to a practice under

which simplified counts were drawn, known to pleading as common counts, and because of the brevity and lack of essential averments found to prevail in the majority of common counts, a procedure of filing a bill of particulars came into use, the purpose and extent of which was to amplify the matter set out in the declaration by setting forth the items of the claim and in what manner they arose. Such procedure gave to the defendant the certainty of the allegations in the plaintiff's declaration and placed the defendant in such a position that he would not be surprised at the trial of the issue.

The practice in pleading in many jurisdictions is to construe the bill of particulars as part of the declaration. However, under our practice a bill of particulars is not so construed. It merely stands on its own and is not subject to demurrer as to defects, the form of attack being a declination on the part of the defendant to plead until a more complete or further bill of particulars is filed or a motion on the part of the defendant to strike out the bill of particulars.

Under our practice if the common counts and the bill of particulars are filed and the defendant pleads to the same without objection thereto, any insufficiency that might prevail in the bill of particulars is cured by said pleas to the extent of the insufficiency of the bill of particulars. *Woolley, Delaware Practice, Vol.* 1, 294, *Section* 409.

In admitting that there is a variance between the names of the parties in the declaration and the bill of particulars and a further variance between the names of the parties to be charged in the bill of particulars and the proof, are these variances of such a nature as to be fatal? Do the variances flow to the substance of the bill of particulars?

In principle the defendant's theory that state-

ments contained in the bill of particulars, the same being a proper exhibit filed with the declaration, control the general allegations of the declaration is well taken. However, this theory could not apply to statements contained in a bill of particulars that are immaterial to the extent of the insufficiency of the same. As heretofore stated, a bill of particulars is intended to amplify or specify more particularly the claim set up and pleaded generally in the declaration, and it is only in respect to those matters which are essentially a part of the bill of particulars that the amplified or particular statement controls the general averments in the declaration, its object being to inform the adverse party the nature of the claim and to limit the proof to the items specified and the amounts and dates therein claimed.

A variance between the names of the parties to whom goods are charged on the bill of particulars and in the declaration is an immaterial variance and will be disregarded if the bill is otherwise in substantial conformity to the requirements. *Vannoy et al. v. Klein et al.*, 122 *Ind.* 416, 23 *N. E.* 526.

Where a variance occurs between the names of the parties in the bill of particulars and the proof, a different question presents itself in that the materiality of the variance is considered only in the event the bill of particulars was calculated to mislead the defendant.

In this case we have a declaration filed consisting of eight common counts, and each common count sets out the fact that the defendant, William J. Smolka, is indebted to the plaintiff, James T. Chandler & Son, Inc., in the sum of $425 for performing certain acts as individually and separately set out in said several accounts for the funeral of Peter Drejka at the instance and request of the defendant, William J. Smolka.

The declaration itself is readily understandable in that

the plaintiff charges the defendant with an amount due in the sum of $425 for services, etc., that the plaintiff performed at the instance and request of the defendant in the burial of Peter Drejka, and attached to this declaration of the plaintiff is a bill of particulars setting forth the items therein charged, which conforms in substance to the requirements of a bill of particulars. I am of the opinion that the mere insertion of the words "Estate of Peter Drejka, 109 Poplar Street" as the same appears on the bill of particulars is surplusage and not an essential part thereof and under the circumstances and in light of the plaintiff's declaration was not therein placed to deceive or mislead the defendant.

The second assignment of error is as follows:

B. That if the case was properly sent to the Jury, the verdict was against the weight of the evidence.

To deal with this second reason advanced by the defendant at length would be a repetition of what has heretofore been said relative to the contentions of the parties. However, I find the testimony to be in conflict regarding the main issue herein involved, that being whether or not the agreement was made between the plaintiff and the defendant in the individual capacity of the defendant or with the defendant as executor or guarantor of the estate of Peter Drejka, the Deceased. The plaintiff's contention is that the agreement was made with the defendant in the defendant's individual capacity, that he personally became liable. The defendant's contention is that the agreement was made with the plaintiff in his capacity as executor of the estate of the Deceased, and as such he could not be held liable in his individual capacity.

In charging the Jury, I stated:

"As stated to you before, this is an action of *indebitatus assumpsit* whereunder the pleading referred to in legal terminology certain common counts are filed which permit recovery for a plain-

tiff thereunder when a contract of service has been fully performed. Now, in this case, gentlemen, the issue is very, very narrow. It is not a question of law; it is an issue of fact, and the question you gentlemen are to ascertain when you go into your Jury room to deliberate is: Did William Smolka, the defendant in this case, agree to become personally liable to James T. Chandler & Sons, Inc., for the burial of Drejka?

"If by a preponderance of the evidence you come to the conclusion that Smolka, the defendant, did agree to become personally liable, your verdict should be for the plaintiff in the sum of $425.

"In the event you don't so find but come to the conclusion that Smolka personally never became obligated to the plaintiff, James T. Chandler & Son, Inc., and never agreed to stand responsible for the expenses of the burial of Drejka, then your verdict should be for the defendant, Smolka."

The contentions of the plaintiff were supported by other witnesses, and it falls within the province of the Jury where evidence is conflicting to reconcile it if they can. If they are unable to reconcile the testimony, they are to give credit to that portion which they believe to be worthy of credit, taking into consideration the apparent knowledge of the facts to which the witnesses have testified and their interest or bias, if any, in the outcome of the litigation.

Where evidence is conflicting and where the Jury has been charged relative to the issues involved, the Court will not set aside the verdict of the Jury unless it definitely appears to the satisfaction of the Court that the Jury either did not understand the issues or its verdict was not fairly reached.

For the reasons above stated, the motion of the defendant for a new trial must be denied.