WILLIAM J. SMOLKA v. JAMES T. CHANDLER & SON, INC.

(*May 9, 1941.*)

HARRINGTON, Chancellor, LAYTON, C. J., RICHARDS, RODNEY and SPEAKMAN, J. J., sitting.

*George W. Lilly* for plaintiff in error.

*S. Lester Levy* for defendant in error.

Supreme Court, January Term, 1941.

LAYTON, Chief Justice:

This is a writ of error to review a judgment entered on a verdict in favor of the plaintiff. Maintaining the designations of the parties below, the plaintiff, an undertaking establishment, sued the defendant personally to recover its charges for the funeral expenses of one Peter Djreka, who died on June 14, 1938. The defendant was the stepson of the deceased, and the executor of his will. The declaration consisted of appropriate common counts, and attached was a bill of particulars headed, "Estate of Peter Djreka, 109 Poplar Street".

Evidence introduced on behalf of the plaintiff tended to show that in the early morning of June 14, 1938, James T. Chandler, Jr., an officer of the plaintiff corporation, was summoned to a hospital in Wilmington, and there the defendant, in the presence of two witnesses, engaged the plaintiff to take charge of the body of Peter Djreka, who had just died, saying that he would be responsible for the

funeral expenses. Specifically, Mr. Chandler testified that he relied on the defendant's promise and did not look to the estate for the payment of the charges; and further, that he did not know until the next day that the deceased had left a will in which the defendant was named as executor.

The defendant testified that at the hospital he informed Mr. Chandler that the deceased had left a will naming him as executor and that the will made provision for the burial expenses; that the next day he gave the will to Mr. Chandler who later returned it to him saying that it was alright; and that he told Mr. Chandler to be careful to get his money out of the insurance mentioned in the will because he, was not, and would not be, responsible for the funeral expenses.

The provision of the will with respect to the payment of funeral expenses, was:

"* * * the funeral expenses shall be borne proportionately out of the proceeds of insurance which my stepson, Felix Aposlki and my son Albert Djreka carry on me".

At the conclusion of the plaintiff's case, a motion for a directed verdict for the defendant was made on the ground that, under the Statute of Frauds (Sec. 3105, *Rev. Code,* 1935) the defendant, executor of the decedent's will, was not liable personally for the funeral expenses in the absence of a memorandum in writing; and also, that as the bill of particulars disclosed that the charge for the funeral expenses was against the estate of the deceased, it conclusively appeared that the defendant's liability was that of a guarantor or indemnifier. The motion was refused. The jury was instructed that the narrow issue of fact to be determined was whether the defendant had bound himself personally for the payment of the funeral expenses. The jury found in favor of the plaintiff. Subsequently, a mo-

tion for a new trial was made, argued, and denied. See 1 *Terry* (40 *Del.*) 415, 13 *A.* 2*d* 427.

The defendant contends that a verdict should have been directed in his favor for these reasons: that, as funeral expenses are a charge against the decedent's estate, the personal represenative cannot be held for them personally in the absence of a "memorandum, or note in writing * * * signed" by him as provided by the Statute of Frauds; and that, considering all of the evidence in the case, and having regard for the fact that the bill of particulars purportedly charged the estate, the plaintiff was estopped by the record to assert the defendant's personal liability.

The first contention fails because the defendant's promise was not within the Statute of Frauds. The statute contemplates a promise in some sense collateral, that is to say, an undertaking to be bound for something already due, or claimed against a decedent's estate. *Brown v. Quinton*, 86 *Kan.* 658, 122 *P.* 116, *Ann. Cas.* 1913 *C*, 392. The phraseology of the statute, "to answer damages", is equivalent in meaning to pay debts. *Brown, Stat. Frauds*, 184; 2 *Redfield, Wills,* 290; *Bellows v. Sowles*, 57 *Vt.* 164, 52 *Am. Rep.* 118; and in some of the jurisdictions the ancient phraseology has been thus improved. Burial expenses, in their very nature, are not an indebtedness of the decedent, for they accrue after his death. Strictly, they constitute a preferred charge on the assets in the hands of the personal representative, rather than a debt against the estate. *Sullivan v. Horner*, 41 *N. J. Eq.* 299, 7 *A.* 411; *Ray v. Honeycutt*, 119 *N. C.* 510, 26 *S. E.* 127; *Golden Gate Undertaking Co. v. Taylor*, 168 *Cal.* 94, 141 *P.* 922, 52 *L. R. A.* (*N. S.*) 1152, *Ann. Cas.* 1915 *D*, 742.

From the plaintiff's evidence it appeared that at the time of the defendant's promise it had no knowledge that

it was dealing with an executor. In any event, the defendant had not qualified as executor and could not have promised in a representative capacity. In *Tomlinson v. Gill, Ambler*, 330, 27 *Eng. Rep.* 221, a promise made by the defendant, in contemplation of but before appointment as administrator, was held by Lord Hardwicke not to be within the Statute of Frauds for the reason that he was not administrator at the time; and in Williams, Stat. Frauds, 4, the comment of the author is that the decision would apply as well where the promise was made by one who was subsequently granted administration as an executor.

■ Generally speaking, the contracts of an executor or administrator are not to be regarded as contracts of the deceased. They are the personal contracts of the personal representative, and he is liable personally in the absence of an exempting stipulation. *Bott v. Barr*, 95 *Ind.* 243, 244. In *Durkin v. Langley*, 167 *Mass.* 577, 46 *N. E.* 119, a case involving the furnishing of gravestones, the Court, speaking through Holmes, J., observed that the general rule of the common law is that an executor cannot bind himself in a representative capacity by a new express contract. He binds himself personally, if at all; and even in the case of funeral expenses proper, the decisions allowing a recovery against the estate are decisions on a promise implied by law arising from necessity. In *Ferrin v. Myrick*, 41 *N. Y.* 315, a case also involving gravestones, it was ruled that in all causes of action arising upon a contract made after the death of the testator, the claim is against the executor personally not against the estate, and the judgment must be de bonis propriis. In 2 Woerner, American Law of Administration, § 357, it is said that the distinction between an implied promise to reimburse an undertaker or other person for burying the deceased and an express promise by the executor or administrator in regard to the funeral must

be borne in mind in determining whether the estate is liable or the executor or administrator personally.

From a review of the authorities there is no reason to suppose that an executor or administrator cannot be bound personally on his contract with an undertaker for the burial of his decedent except as provided by the Statute of Frauds. It is more nearly accurate to say that an executor or administrator who engages the services of an undertaker is personally bound unless he has stipulated against personal liability, or the circumstances are such as clearly to show that the credit of the estate was accepted and the implication of promise by the estate to pay. The funeral of a deceased person is a work of necessity, as well as of charity and piety. It is the duty of an executor or administrator to bury the deceased in a manner suitable to his degree and the circumstances of the estate; and if this duty is performed by the personal representative, or indeed by another not officiously but from necessity, the law implies a promise of reimbursement out of the assets of the estate for the reasonable expenses incurred and paid; but this is very far from saying that an executor or administrator cannot make himself personally liable for the funeral expenses. The undertaker is not, of course, bound to accept the credit of the estate, he may contract personally. Such contract may be by parol; and if the contract is performed the executor or administrator is personally liable. 11 A. & E. Ency. Law 906, 937; *Brice v. Wilson,* 8 *Ad. & El.* 349, *note c.,* 35 *E. C. L.* 405; *Golden Gate Undertaking Co. v. Taylor, supra.*

There was ample evidence that the defendant promised personally to pay the funeral expenses of the deceased. The promise was not a collateral promise affected by the Statute of Frauds. The issue was fairly submitted to the jury, and by its verdict the defendant is bound.

The second contention is likewise without merit. The purpose of a bill of particulars is not to contradict, but to amplify the pleading. It becomes a part of the declaration when its states a cause of action consistent with the pleading. *Wells v. Caro,* 74 *Misc.* 87, 131 *N. Y. S.* 573; *Pickering v. De Rochement,* 45 *N. H.* 67. The heading or caption is not an essential or material part of a bill of particulars, for it is not its function to control the allegations of the declaration as to the party charged. *Vannoy v. Klein,* 122 *Ind.* 416, 23 *N. E.* 526; *Stewart v. Knight & Jillson Co.,* 166 *Ind.* 498, 76 *N. E.* 743; *Furry v. O'Connor,* 1 *Ind. App.* 573, 28 *N. E.* 103.

The defendant was informed by the declaration that the plaintiff charged him with the amount of the funeral expenses of the deceased. He offered no objection to the testimony that he promised personally to pay for them; nor does it appear that he moved to strike out the testimony. A timely objection to the evidence offered would have called for a ruling of the Court on the question of the materiality of the caption of the bill of particulars, or sustaining, perhaps, the objection in the absence of explanation, or, at least, allowing an amendment with or without terms. The seeming variance was, of course, the subject of cross-examination. But the defendant was content to rest his case at the trial on the theory that as by the caption of the bill of particulars, the estate of the deceased was purportedly charged, the plaintiff was bound by the admission. This the defendant terms estoppel by judicial proceedings. Such an estoppel is, of course, recognized in law, but the record here is not an example. A party may be bound by the allegations contained in his pleadings, but this is not an instance.

The judgment below is sustained.