VINCENT A. THEISEN, Administrator *d.b.n.* of Alice Boyle Hoey, deceased,

          Complainant,

THE UNEMPLOYMENT COMPENSATION COMMISSION OF DELAWARE, G. & L. CORPORATION,

          Intervening Complainant,

          *vs.*

EDWARD F. HOEY, ANNE M. HOEY LEARY, formerly Anne M. Hoey, and MASSACHUSETTS BONDING AND INSURANCE COMPANY, a corporation of the State of Massachusetts,

          Respondents.

*New Castle, April 29, 1948.*

*C. Stewart Lynch,* for defendants.

*William Prickett,* for plaintiffs.

HARRINGTON, Chancellor: The question is whether the Unemployment Compensation Commission is a proper party plaintiff in this proceeding. The bill for an accounting was originally filed by Theisen, as administrator *d.b.n.* of Alice Boyle Hoey, deceased, against Edward F. Hoey and Anne M. Hoey Leary, former administrators, who had been removed from their office, and the surety on their bond. The Unemployment Compensation Commission subsequently intervened. The bill alleges that on the death of the intestate

"machinery, automobile trucks, equipment and other personal property used by the deceased in the laundry business * * * came into the hands of Hoey and Leary as administrators as aforesaid"; that "from about July 26, 1939 until about August 17, 1943, said Hoey and Leary, purporting to act as administrators, as aforesaid, without any order from the Register of Wills or from any other court having jurisdiction authorizing them to do so, operated said laundry, using said buildings (owned by the deceased) and personal property which came to their hands as such administrators for that purpose." The petition of the Unemployment Compensation Commission for leave to intervene as a party plaintiff alleged that it was "a creditor of the deceased," Alice Boyle Hoey, and likewise "a creditor of Hoey and Leary as administrators."

The *Unemployment Compensation Commission Law, Chap.* 258, *Vol.* 41, *Laws of Del.*, approved April 30, 1937, *as amended by Chapts.* 281 *and* 280, *Vol.* 43, *Laws of Del.* provides, in part:

"Sec. 2.

\*      \*      \*      \*      \*      \*

"(g) 'Employing unit' means any individual or type of organization, including any partnership, association, trust, estate, joint stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee or successor thereof, or the legal representative of a deceased person, which has or subsequent to January 1, 1936, had in its employ one or more individuals performing services for it within this State.

"Sec. 14.

\*      \*      \*      \*      \*      \*

"(d) The contributions, penalties and interest due from the employer under the provisions of this chapter, from the time they shall become due, shall be a debt of the employer to the unemployment compensation fund. Such debt, whether sued upon or not, shall be a lien on all the property of the debtor for a period of 2 years and shall be given preference as a first lien in any distribution of the assets of the employer, whether in bankruptcy, insolvency, execution process, in the distribution of the estate of any employer, or otherwise. \* \* \*

"(e) As an additional or alternative remedy the Commission may issue, under its seal and the hand of its Executive Director, to the Prothonotary of the Superior Court in and for any county of the State of Delaware, a certificate that any employer is indebted under the provisions of this chapter in an amount which shall be stated in such certificate; and thereupon the Prothonotary to whom such certificate shall have been issued shall immediately enter upon his record of docketed judgments the name of such employer, the name of the Commission, the amount of the debt so certified, a brief description of the said employer's liability under this chapter, and the date of making such entries. The making of such entries shall have the same force and effect in all respects as the entries of docketed judgment in the office of such prothonotary, and the Commission shall have all the remedies and may take all the proceedings for the collection of the said debt which could be had or taken upon a judgment in an action of law upon debt or contract, but without prejudice to the said employer's right of appeal."

It is conceded that all compensation contributions which accrued during the lifetime of Alice Boyle Hoey have been paid. On July 26, 1939, when the letters of administration were granted, the original administrators executed the required statutory bond in the office of the Register of Wills, for New Castle County, for $45,000, with Massachusetts Bonding and Insurance Company, a corporation of the State of Massachusetts, as surety. The condition of that bond among other things provides that it shall be void if Edward F. Hoey and Anne M. Hoey (now Anne M. Hoey Leary)

"* * * shall well and faithfully administer according to law all the goods and chattels, rights and credits of the deceased, which shall have come to the possession or knowledge of the said Edward F. Hoey and Anne M. Hoey and shall render a just and true account of such administration by the Twenty-sixth day of July next, and shall distribute and pay all the residue of said goods and chattels, rights and credits, after all demands and charges to which they are subject are deducted, to the person or persons entitled to receive the same."

The action is based on that instrument. The question raised by the defendants' petition is, therefore, whether unpaid compensation contributions, which accrued after the death of the deceased and while the prior administrators of her estate were operating the laundry business which

she had owned and operated during her lifetime, are debts or charges against her estate. The bill alleges that the estate is insolvent. In concluding that the administrator *d.b.n.* could file the bill, this court in disposing of a demurrer challenging his rights, said: "This does not mean, however, that no other interested person could have filed a bill against the individual defendants." *Theisen, Adm'r. d.b.n., v. Hoey, et al.,* 29 *Del. Ch.* 365, 51 *A.* 2d 61, 67. If the Unemployment Compensation Commission has a claim for unpaid contributions which can be asserted against the decedent's estate, it is at least a proper party plaintiff in this proceeding. As no new and different cause of action is relied on, *Ehrenstrom v. Phillips,* 9 *Del. Ch.* 74, 77 *A.* 80, is not in point.

The obligations of the principals as administrators and of the surety on their bond are wholly contractual and are measured by its provisions when read in connection with the powers and duties imposed by law on executors or administrators in settling estates. 21 *Amer. Jur.* 791; 34 *C.J.S., Executors and Administrators,* § 956, *p.* 1175; *Restatement, Security,* 471; *Campbell v. American Bond Co.,* 172 *Ala.* 458, 55 *So.* 308. In administering an estate according to law, in general it is the duty of personal representatives to collect any debts due the deceased, to convert other personal property into cash, and after the payment of the debts of the deceased and the deduction of all other proper charges and expenses, to pay any balance there may be to the person or persons entitled thereto. *Theisen, Adm'r. d.b.n., v. Hoey, et al., supra.* When administrators have been removed from office, they have certain obligations to their successor with respect to the delivery of assets in hand for final distribution. *Id.*

It appears from the bill that the individual defendants purporting to act as administrators, had operated a business owned and conducted by the deceased during her lifetime, for more than four years after her death, and in disposing of a demurrer this court held that that was neither a part

of their duties, nor within their usual powers as administrators. *Theisen, Adm'r. d.b.n., v. Hoey, et al., supra;* 2 *Williams on Ex'rs. & Adm'rs.,* 1536. I need not consider their powers and obligations had it been reasonably necessary to continue to operate the decedent's business for a reasonable time after her death in order to wind it up advantageously. See 21 *Amer. Jur.* 520, 521; 40 *L.R.A.(N.S.)* 201, 205; *Williams on Ex'rs. & Adm'rs.* 1536. "Generally speaking, the contracts of an executor or an administrator are not to be regarded as contracts of the deceased" (*Smolka v. James T. Chandler & Son, Inc.,* 2 *Terry* (41 *Del.*) 255, 20 *A.* 2*d* 131, 133, 134 *A.L.R.* 629; see also *Carre v. Seaman,* 8 *W. W. Harr.* (38 *Del.*) 197, 190 *A.* 564), and, if clearly beyond the scope of their authority, any debts so incurred thereby cannot be enforced against the estate by a suit on the administration bond. 24 *C.J.* 61; 34 *C.J.S., Executors and Administrators,* § 956, *pp.* 1176, 1177; *Stearns' Law of Suretyship,* 380; *Campbell v. Faxon, et al.,* 73 *Kan.* 675, 85 *P.* 760, 5 *L.R.A.(N.S.)* 1002. That principle necessarily applies when debts are created by executors or administrators in connection with the unlawful operation of a business which had been owned and operated by the decedent during her lifetime. 21 *Amer. Jur.* 523; 24 *C. J.* 61, 63; 34 *C.J.S., Executors and Administrators,* § 956.

In *Smolka v. Chandler & Son, Inc., supra,* the court said:

"Burial expenses, in their very nature, are not an indebtedness of the decedent, for they accrue after his death. Strictly, they constitute a preferred charge on the assets in the hands of the personal representative, rather than a debt against the estate."

No reference was made to the statute making them preferred claims, *Rev. Code* 1935, § 3837, but the court doubtless had it in mind. If the claim of the Commission is a debt of the decedent's estate, it would be a charge on assets; but that is the question to be determined. The provisions of the Unemployment Compensation Statute are based on public policy, but in the absence of clear and ex-

plicit language it can hardly be assumed that it was intended to change the basic rules governing the rights of administrators having charge of the settlement of personal estates. It provides that "any * * * estate * * * or the legal representative of a deceased person, which has * * * in its employ one or more individuals performing services for it within this State" is within the definition of an "Employing unit." Any unpaid contributions are made debts of "the employer to the unemployment compensation fund," for the collection of which various remedies, by lien or otherwise, are provided. But the statute seems to contemplate cases where the "estate" is the real employer, and it is hardly reasonable to conclude that employment, and any resulting debts for unpaid contributions, based on contracts beyond the authority of a personal representative having custody of the assets, is intended. The phrases "in its employ" and "performing services for it" obviously refer to the word "estate", and the subsequent phrase "or the legal representative of a deceased person" does not indicate an intent to broaden the meaning of any other language of the statute. If the employment of the required number of persons were by executors who were authorized by will to operate the decedent's business, the situation might be different. See 2 *Williams on Ex'rs. & Adm'rs.* 1412, 1536. The Commission claims, however, that in any event its rights as a creditor of the estate for unpaid compensation contributions, which accrued after the death of Alice Boyle Hoey, have been established by judgments of record in the Superior Court for New Castle County. During the period when the laundry was operated by the individual defendants reports were filed by them with the Commission from time to time which were signed "Edward Hoey, Anne M. Hoey, Administrators of the Estate of Alice Boyle Hoey, deceased." There are two entries in the judgment dockets in the Superior Court for New Castle County in the form of judgments, for specified sums of money in favor of the Commission against "Edward F. Hoey and Anne M. Leary, Administrators of the Estate of Alice Boyle Hoey, deceased."

There is also a similar entry against "Vincent A. Theisen, Administrator of the estate of Alice Boyle Hoey, deceased." These entries are said to establish debts due the Commission from the estate in excess of two thousand dollars. Apparently they were made pursuant to certificates of indebtedness issued by the Commission to the Prothonotary of the County, which is one of the alternative remedies provided by the statute for the collection of an alleged debt. Sec. 14(*e*), *supra*. Appeals from the prior determination by the Commission of the liability of any employing unit for contributions are however permitted. *Section* 11, *Chapt.* 280, *Vol.* 43, *Laws of Del.* The statute provides that:

"The making of such entries shall have the same force and effect in all respects as the entries of docketed judgment [*sic*] in the office of such prothonotary * * *."

It further provides

"* * * and the Commission shall have all the remedies and may take all the proceedings for the collection of the said debt which could be had or taken upon a judgment in an action of law upon debt or contract, but without prejudice to the said employer's right of appeal."

No appeal from the determination of the Commission was taken, but it is unnecessary to consider whether the alleged *ex parte* record entries would have conclusively established debts against the decedent's estate had the statute been fully complied with.

The provision that the so-called judgment records should contain "a brief description of the said employer's liability under this chapter" was disregarded, and their invalidity, therefore, appears. See *Hendrix v. Kelley*, 4 *W. W. Harr.* (34 *Del.*) 120, 143 *A.* 460. In addition to the names of the defendants and the subsequent descriptive words, the only material record entry in each case is: "And Now To Wit * * * judgment in favor of the plaintiff against the defendant" for a specified sum of money "and interest, besides costs, etc." The order permitting the Unemployment

Compensation Commission to intervene as a party plaintiff must therefore be revoked and its appearance stricken off.

An order will be entered accordingly.