TERRELL, Justice.
Nina Parrish Hawkins, a widow with two minor children dependent on and living with her, died testate early in 1951. The'Barnett National Bank was named executor of her will and guardian of the estate of the two minors. It instituted this suit by petition in the County Judge’s Court, praying that it be advised whether or not the provision of the will directing the executor to “pay all my just debts and funeral expenses as soon after my decease as conveniently may be” was sufficient to charge the personalty with payment of the claim against the estate. The County Judge answered in the negative and the Circuit Court reversed as to claim for funeral expenses. We are confronted with an appeal from the later decree.
The point for determination is whether or not the command of the will “pay all my just debts and funeral expenses as soon after my decease as conveniently may be”, is sufficient to charge the exempt personal property of the estate with the payment of funeral expenses.
In so far as applicable to this case Section 1, Article X, State Constitution, F. S.A., provides, “A homestead to the extent of * * * one thousand dollars worth of personal property * * * shall be exempt from forced sale under process of any court”. The estate of Mrs. Hawkins consisted of personalty appraised at $551.91 but it actually brought $1001.92 when sold. Three claims were filed against the estate as follows: Funeral expenses *314 $485.50, telephone service $9.12 and electrical service $21.21.
Appellant contends that the quoted provision of the will was not sufficient to waive the homestead exemption and charge the estate with payment of funeral expenses, and being so, the entire estate should be set aside and administered for the benefit of the minor children. A great many cases are cited in support of this thesis. See Cross v. Benson, 68 Kan. 495, 75 P. 558, 64 L.R.A. 560; Gordon v. Gordon, 140 Neb. 400, 299 N.W. 515; In re Norseth’s Estate [Larson v. Curran], 121 Minn. 104, 140 N.W. 337, 44 L.R.A.,N.S., 1177; German-American State Bank of Ritzville v. Godman, 83 Wash. 231, 145 P. 221 and cases cited therein.
The right of a decedent to dispose of personal property by will that is exempted by the constitution appears to have been settled in the affirmative in this state by Hinson v. Booth, 39 Fla. 333, 22 So. 687. It appears to be the leading case in the country on the point. The holding in this case was recognized in Jackson v. Jackson, 90 Fla. 563, 107 So. 255 and by Judge Carter concurring in Caro v. Caro, 45 Fla. 203, 34 So. 309, at page 315.
The rationale of Hinson v. Booth is that the widow and minor children inherit at the death of the husband and father by the statute relating to dower and descent and not from the constitution, that the power of alienation is an incident of ownership independent of the homestead and is not derived from the constitution. Consequently as to exempted personal property the head of the family is not inhibited by the constitution from disposing of it by will effective at death or he may dispose of it without restraint during his lifetime.
The Probate Act, Chapter 16103, Acts of 1933, F.S.A. § 731.01 et seq., authorize the executor to pay funeral expenses. Leffler v. Leffler, 151 Fla. 455, 10 So.2d 799. After all is said the direction to pay funeral expenses must follow the well settled rule — intent of the testator. Penn Mutual Life Insurance Company v. Roberts, 120 Fla. 392, 162 So. 881, is somewhat analogous to the case at bai;, in that the will contained a direction to pay funeral expenses not to exceed $150. Personal property was involved and the intent of the testator was carried out. There is no doubt as to intent of the testatrix in this case- and even though she had not directed the payment of her funeral expenses from her estate they accrued after her death and could have appropriately been charged against the estate. Smolka v. James T. Chandler & Son, Inc., 2 Terry 255, 41 Del. 255, 20 A.2d 131, 134 A.L.R. 629.
In addition to what has been said honesty and common decency require that funeral expenses be paid from one’s estate. Every person in his right mind wants a decent burial within his own means and not at his children’s expense. There is no more reason for imposing it on the undertaker than there is on the preacher or the choir that chants his last requiem. There is every reason to conclude that the testatrix reasoned this way and not the semblance of a basis for any reason to the contrary. Her will and conduct was in harmony with a tradition that is as much a part of American life and custom as the constitution itself.
The will leaves no doubt of the purpose of the testatrix. A careful analysis of Hinson v. Booth and other cases will convince one that the law tends to level off where the undertaker steps in but there is nothing to lead one to think that a decedent can sponge on him for a shroud or a ticket to ferry him over Jordan or the river Styx.
The judgment of the Circuit Court was packed with justice and is therefore affirmed.-
Affirmed.
HOBSON, C. J., and SEBRING and MATHEWS, JJ., concur.