### In re ESTATE of Ella M. GRAHAM, Deceased.

Court of Chancery of Delaware, Sussex.

Jan. 14, 1971.

Karl Haller, of Tunnell & Reysor, Georgetown, for co-executors of the Estate of Ella M. Graham.

H. Edward Maull, Sr., Georgetown, for Melson Funeral Home.

DUFFY, Chancellor:

This is a petition under 12 Del.C. § 2106 by Co-Executors of the Estate of Ella M. Graham seeking a determination of the order of preference of claims against the Estate.[1] The Executors hold cash in the amount of $2,283.69, and claims totaling $5,186.01 have been made as follows:[2]

| CREDITOR | AMOUNT | PROBATED OR NOT PROBATED |
|---|---|---|
| Beebe Hospital, Inc. | $ 517.10 | Probated |
| John L. Brown | 130.00 | Not Probated |
| Burton & Conant | 172.84 | Not Probated |
| Delmarva Power & Light Co. | 2.98 | Not Probated |
| Ella Elizabeth Fournier | 200.00 | Not Probated |
| Martha Graham | 1,439.87 | Probated |
| Robert L. Graham | 52.45 | Not Probated |
| Melson Funeral Home | 1,504.00 | Not Probated |
| Rehoboth Hardware & Variety Store | 14.56 | Not Probated |
| Francis R. Short | 130.00 | Not Probated |
| Dr. E. L. Stambaugh | 364.50 | Probated |
| Walsh Electronics | 83.39 | Probated |
| Wilson & Sons | 574.32 | Not Probated |

Since there is a disparity between the amount of assets available for distribution and the amounts claimed, petitioners are entitled to the ruling they seek.

All parties in interest were summoned or noticed but only the Melson Funeral Home appeared. The Executors then filed a memorandum in support of a suggested distribution and the Melson claimant answered. This is the decision after briefing by these parties.

Two questions of law are raised in the memoranda: (1) must a claim for funeral expenses be probated under 12 Del.C. § 2104(a), and (2) may the Funeral Home recover interest on any money due it?

A.

12 Del.C. § 2104(a) provides:

"Before an executor or administrator shall pay any debt against the decedent, the person to whom the debt is owing shall have filed a claim with the executor or administrator. The claim shall be in the form of an affidavit that nothing has been paid or delivered towards satisfaction of the debt, except what is mentioned, and that the sum demanded is justly and truly due. * * *"

This claim must be filed within nine months after the grant of letters. 12 Del.C. § 2102(a).

A claim was not filed (probated) by the Melson Funeral Home with the Executors nor was it supported by an affidavit filed within the statutory period. Is it therefore barred? I think not. I say this because the language of § 2104(a) is clear. It requires probate of a claim for "debt against the decedent." I recognize that other states are divided on the question of whether funeral expenses are regarded as a debt of the decedent for probate purposes. See 120 A.L.R. 278 and Hennessey Funeral Home, Inc. v. Dean, 64 Wash.2d 985, 395 P.2d 493 (1964). But in Delaware it is settled law that funeral expenses are not a debt of the dead. Speaking for the Supreme Court in Smolka v. James T. Chandler & Son, 2 Terry 255, 41 Del. 255, 20 A.2d 131, 134 A.L.R. 629 (1940), Chief Justice Layton said:

"Burial expenses, in their very nature, are not an indebtedness of the decedent, for they accrue after his death. Strictly, they constitute a preferred charge on the

1. 12 Del.C. § 2106 provides:
"Whenever an executor or administrator is unable to determine between two or more creditors the order of preference to be given to their respective demands, he may, upon petition to the * * * Court [of Chancery], have the parties in interest summoned to appear in the Court, and upon hearing duly had the * * * Court shall determine the order of preference to be given to the respective demands of the creditors who may have been made parties to the proceeding. * * *"

2. Mrs. Graham died on April 2, 1959 but settlement of the Estate was delayed until after December 31, 1969, when common law curtesy ended.

assets in the hands of the personal representative, rather than a debt against the estate."

It follows that the claim of the Melson Funeral Home is not barred for failure to probate the claim in the form required by § 2104(a).

Turning to the order of preference that is governed by 12 Del.C. § 2105, which states:

"Executors and administrators shall pay claims against the decedent in the following order—

(1) Widow's allowance as provided in section 2037 of this title;

(2) Funeral expenses;

(3) The reasonable bills for medicine and medical attendance during the last sickness and for nursing and necessaries for the last sickness of the decedent; * * *."

While there is some ambiguity in the statute which refers to "claims against the decedent," it is my view that the intention of the General Assembly was simply to codify the special preference given at common law to the payment of funeral expenses. In short, the purpose of the statute is to assure payment of such expenses. In *Smolka* the Court said:

"It is the duty of an executor or administrator to bury the deceased in a manner suitable to his degree and the circumstances of the estate; and if this duty is performed by the personal representative, or indeed by another not officiously but from necessity, the law implies a promise of reimbursement out of the assets of the estate for the reasonable expenses incurred and paid * * *."

The expenses of burial are entitled to the statutory preference and will be paid out of estate assets to the amount of the principal obligation ($912.00). The probated claims for hospital and medical assistance to Mrs. Graham in her last illness are entitled to the next preference and will be paid accordingly. Other probated claims will share *prorata* thereafter.

B.

I turn now to interest, which the Melson Funeral Home claims on the obligation due it. This will be denied for reasons which I state briefly.

First, there is no statute nor a decision of any kind in Delaware awarding interest on funeral expenses. Had the General Assembly wanted to allow interest on such a claim it could have so provided in § 2105.

Second, interest is generally not payable on a probate claim until such time as a judgment is entered thereon, 31 Am. Jur.2d, Executors and Administrators, § 478, and Annot., 54 A.L.R.2d 814, or until there has been a judicial allowance of the claim.

Third, assets are insufficient to pay claims and, if interest were awarded, it would be at the expense of other claims given preference by § 2105; allowance of interest would, under the circumstances, contravene the purpose of that statute. Compare 34 C.J.S. Executors and Administrators § 464(a) (1).

\* \* \*

To sum up: following payment of the costs of administration the order of preference in the payment of Estate obligations is as follows: (1) the Melson Funeral Home in the principal amount of the obligation; (2) the claims of Dr. Stambaugh and Beebe Hospital; (3) other probated claims *prorata*.